## PRILLAMAN v. CENTURY INDEMNITY CO. OF HARTFORD, CONN.

No. 5102.

Circuit Court of Appeals, Fourth Circuit.

Nov. 8, 1943.

Moss A. Plunkett, of Roanoke, Va. (B. A. Davis, Jr., of Rocky Mount, Va., on the brief), for appellant.

Aubrey R. Bowles, Jr., of Richmond, Va. (Bowles, Anderson & Boyd, of Richmond, Va., and Showalter, Parsons, Kuyk & Staples, of Roanoke, Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

Five days after the automobile insurance policy in suit was surrendered by the insured, in accordance with an agreement of cancellation, the car was involved in an accident in which the appellant's decedent was killed. After the accident a suit was entered by the appellant and a judgment of $10,000 was recovered by him against the person who was in control of the car at the time of the accident with the permission of the insured. The pending case was instituted by the appellant against the Insurance Company upon the theory that the person in charge of the car at the time of the accident was covered by the policy as well as the named insured. The sole question on this appeal is whether, as the District Judge held in a non-jury trial, the cancellation was valid and effective.

The policy was issued on May 28, 1941, for the term of one year by the Danville agent of the Insurance Company to an employee of the Palmer Produce Company, who owned the car and sometimes used it in his employer's business. It was understood that the Produce Company and the insured should each pay one-half of the premium of $20.51. The agent was accountable to the Insurance Company for the amount of the premium on July 15, 1941, and on that day paid the amount to the Insurance Company out of his own pocket. The Produce Company paid its half of the premium to the agent on July 18, 1941, but the insured did not pay his half. On Sep--

tember 1, 1941, the agent went to the place of business of the Produce Company to collect the balance of the premium and then learned that the insured had been found short in his accounts and had been discharged. He learned also that Mr. Palmer of the Produce Company had assisted the insured in the purchase of the car by endorsing his note. The agent remarked that his company did not want insurance of that type and immediately sought out the insured at his new place of business. He came up with him on September 2nd and told him that as the premium was past due he desired to cancel the insurance. The insured assented saying that he was about to turn the car back as he would no longer receive financial assistance in his purchase from the Produce Company. He thereupon caused the policy to be delivered to the agent who mailed it on the same day to the home office of the Insurance Company where on September 4th it was received as a cancelled policy and appropriate credits for the return premium were entered on its books. The insured then offered the car for sale and it was in the hands of a prospective purchaser for trial at the time of the accident.

The policy provided that it might be cancelled by either party to the contract by mailing written notice to the other; but the District Judge held, in accordance with the established rule, that this method of cancellation was not exclusive and that the parties might abrogate it by mutual consent. This conclusion of law the appellant does not contest upon this appeal but he contends that the agent was without authority to cancel the policy and that the cancellation agreement made by him was not ratified by the Insurance Company. The finding of the District Judge as to the agent's authority to cancel was to the contrary and the evidence abundantly sustains this conclusion. The Assistant Secretary of the Insurance Company, as well as the agent himself, testified that agents of the company in various localities had power both to issue and to cancel policies on their own initiative and by far the greater number of cancellations were those made by the agents and only a small number under the express provisions of the policy. Moreover, the evidence showed that in accordance with this general practice the agent in the pending case had customarily exercised the authority of cancellation with the knowledge and consent of the company.

■ In view of this testimony, the authority of the agent to cancel was established (see Restatement of Agency, §§ 26, 34 and 36); and it is of no moment that neither the written agency agreement between the company and the agent, nor the policy of insurance expressly conferred the power of cancellation upon the agent. It is well established that the right to terminate a contract by mutual consent exists independent of any provision in the contract permitting the parties so to do, and that the parties may annul the contract notwithstanding a contrary provision. Restatement of Contracts, § 407(a); 17 C.J.S., Contracts, § 387; Zurich General Accident & Liability Ins. Co. v. Baum, 159 Va. 404, 408, 165 S.E. 518. Nor is it relevant to the discussion that § 4222 of the Virginia Code of 1936 provides that no agent of any insurance corporation shall make any contract for insurance or agreement as to such contract other than that which is plainly expressed in the policy. This prohibition is directed against the alteration of the terms of the policy and does not refer to an agreement of cancellation.

■ In the next place the appellant contends that the agent of the Insurance Company was not acting on behalf of the company when he entered into the cancellation agreement. It is said that his purpose was to use the unearned premium as a credit on his account with the Insurance Company and to use the small refund, representing the excess of the unearned premium over the amount paid on account of the premium, as a credit on an indebtedness due him by the Produce Company in an account relating to other transactions between them. As we have pointed out, the agent paid the full amount of the premium to the company out of his own pocket on July 15, 1941, and credited the amount of the unearned premium to the Produce Company's account when he cancelled the policy, and took credit for the unearned premium in his account with the Insurance Company. But these transactions were merely incidental to the cancellation of the policy and although it was erroneous to credit the unearned premium to the Produce Company instead of the insured, the cancellation of the policy was not thereby invalidated. The Insurance Company was obligated upon cancellation to return the unearned premium to the insured but payment thereof was not a condition precedent to the cancellation. The

agent's error was corrected when it was called to the attention of the company in a full report of the transaction after the accident occurred. Thereupon the company directed the agent to pay the amount of the unearned premium to the insured and payment was accordingly made.

 It is also suggested in the appellant's brief that there was no consideration to support the contract of cancellation but this is obviously incorrect for thereby the insured was relieved of the obligation to pay the balance of the premium and the company on its part was relieved from any liability under the policy.

The recital of facts clearly shows that the policy was effectively cancelled with the authority of the company before the accident occurred, and that the insurance company is without liability in the premises.

Affirmed.