Strafford,
Feb. 1, 1944. } No. 3450.

AMERICAN EMPLOYERS' INSURANCE COMPANY

*v.*

LIBERTY MUTUAL INSURANCE COMPANY *& a.*

*Sheehan & Phinney* and *Arthur A. Greene, Jr.* (*Mr. Greene* orally), for the plaintiff.

*Hughes & Burns* and *Walter A. Calderwood* (*Mr. Calderwood* orally), for Liberty Mutual Insurance Company and Gerald E. Towle.

*Edward J. Lampron* (by brief and orally), for Lucille Cyr, Maria Perrault, and Robert Perrault.

*William H. Sleeper,* for Adelard J. Laurion.

MARBLE, C. J. The findings of fact are unquestionably warranted by the evidence. All exceptions thereto are overruled.

The Court could properly find not only that Bilodeau had authority to permit Cyr to take the 1940 car for trial purposes but that Towle knew and approved of what he had done. Towle testified that Bilodeau took the car on Saturday night with his permission to try to sell it to Cyr; that Bilodeau came to his house at two o'clock Sunday afternoon "to talk terms" with him "about selling the car to Mr. Cyr"; that he (Bilodeau) was then driving Cyr's 1936 car; that he (Towle) informed Bilodeau of the terms on which he "thought he should do business with Mr. Cyr" and that Bilodeau left saying that he was going back to see Cyr, and that he returned about five or six o'clock and told him that Cyr had bought the car. In view of all the evidence in the case, the Court was not obliged to accept this last assertion at its face value.

Towle also testified that on the day following the accident he returned the ten-dollar deposit and the 1936 car to Cyr and later sold

the wrecked car to a junk dealer. Although the Court ruled that this evidence was not binding upon the Liberty Mutual company, that company now contends that all evidence of Towle's conduct subsequent to the accident, though "very properly" restricted in its application under the rule of *Aetna Life Ins. Co. v. Chandler*, 89 N. H. 95, 99, 100, was prejudicial. The simple answer to this contention is that no prejudicial use of the evidence has been shown.

The other evidence to which the Liberty Mutual company excepted all had reference to the extent of Bilodeau's authority or to Towle's knowledge of the situation. It was clearly admissible. See *American Employers' Ins. Co. v. Wentworth*, 90 N. H. 112, 116.

At the time of the trial Bilodeau was working in Ohio and was not available as a witness. One of Towle's salesmen testified that Towle permitted his salesmen "to let customers try out the cars" for "hours at a time" and for a longer period "if the occasion necessitated it"; that they were not "given any specific instructions" as to allowing the prospective purchaser to let others, such as wife, son, or daughter, drive the car but used their "better judgment because of the fact" that they "were selling automobiles for a living" and knew their customers. On cross-examination Towle was asked, "Actually, Mr. Towle, you didn't have much objection as to who drove those cars so long as it was in your business in an effort to make a sale of the automobile?" He answered, "Well, only that they had to have a license."

This evidence renders unexceptionable the Court's conclusion that the use of the 1940 car by Daggett was within the terms, express or implied, of the bailment to Cyr, and within the scope of the use permitted by Towle. It follows that the extended coverage of Towle's policy is available to Daggett. Hence the insurance afforded Dagget by his own policy "with respect to the operation of any other automobile" does not apply.

The plaintiffs in the actions at law as well as the Liberty Mutual company excepted to the second paragraph of the decree, claiming that if the "limits" of Towle's policy "are insufficient to satisfy the damages recovered," Daggett's insurer, the American Employers' Insurance Company, is bound to defend and to pay the excess within the limits of Daggett's policy. We do not so construe the language of the provision relating to the "operation of any other automobile." Inasmuch as an amount of insurance equal to that provided by his own policy is available to Daggett under Towle's

policy, he is not entitled, we believe, under a reasonable interpretation of the provision in question, to the additional coverage furnished thereby.

*Exceptions overruled.*

JOHNSTON, J., did not sit: the others concurred.