**AETNA CASUALTY & SURETY CO. v.
DE MAISON et al.**

Civ. A. No. 11817.

United States District Court
E. D. Pennsylvania.

Aug. 12, 1953.

Rawle & Henderson, Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Henry, Philadelphia, Pa., for defendants DeMaison and Merchants Indemnity Corp.

Buckman & Buckman, of Philadelphia, Pa., for defendant Schick.

GRIM, District Judge.

In January, 1950, Emil Schick, Sr., and his wife lived at 6625 North 3rd Street in Philadelphia. With them lived their unmarried son, Emil Schick, Jr., aged 31. Emil, Sr. owned an automobile, but Emil,

Jr. did not. It was kept in a garage at the rear of the house and the keys were kept in a kitchen drawer. The son used the car once or twice a week, but whenever he desired to use it he would ask his father for permission. The father would grant the requested permission, unless he needed the car himself. When the son used the car he furnished gasoline and oil for it.

On the evening of January 6, 1950, Emil Schick, Jr. wanted to use the automobile. As had been his custom he asked his father for permission to use it, and permission was granted. The father testified:

"He was upstairs getting dressed, and he came down in the parlor and he asked me: Dad, can I have the car to-night? And I said yes.

"Q. Did he say what he wanted to use it for? A. He didn't say, but at the same time his mother asked him, where are you going? * * *

"Q. Where did he say he was going? A. To the Yorktown Theatre in Jenkintown. * * *

"Q. That was all that was said about where he was going? A. That was all, as I remember."

Emil, Jr. then took the car and used it to drive to Messina's Inn in Ardsley. Ardsley is a suburb of Philadelphia about three miles from Jenkintown. In Messina's Inn Emil, Jr. was with a group of friends, including a Mrs. Leona DeMaison, when it was decided among the group that they would go to a diner in Willow Grove, which was three or four miles away. Mrs. DeMaison, with Emil, Jr. in the car beside her, drove it from Ardsley, and two or three miles from Ardsley on the way to Willow Grove she was involved in an accident with a parked automobile. Relative to the operation of the Schick car Mrs. DeMaison testified:

"Q. Now, Mrs. DeMaison, as I understand it certain arrangements were made with respect to using automobiles to get your entire party up to this place in Willow Grove; is that right? A. That is right.

"Q. What happened next? A. Well, I think I had suggested in a jok-ing way that I would drive Mr. Schick, Jr.'s car and * * *

"Q. I see. Go ahead. A. When we went out to the car I handed Mr. Schick the keys and said, you drive. And he said, no, you go ahead and drive. * * * I don't remember the correct timing on that, but we left Messina's and we headed up Edge Hill Road. Well, I would say about half a mile to three quarters of a mile away Mr. Schick turned to me and I said, do you want to drive? And he said, no, you are doing very well. And it was about two miles from that, as we were rounding the curve there in Roslyn, that the accident occurred."

As to the operation of the car by Mrs. DeMaison, Emil Schick, Jr., testified:

"Q. On the night of this accident how did it come about that she drove the car? A. Well, we had discussed it one time. Mrs. DeMaison had said she had never driven a Dodge before, and on this particular night she approached me and asked me whether I would join the rest of the group in going up to the diner to eat, and I said, yes, and I said, incidentally, you have always wanted to drive the car, how about driving it tonight? And then the accident happened."

At the time of the accident Emil Schick, Sr. had public liability insurance on his car with Merchants Indemnity Corporation of New York. The policy contained a clause known in insurance language as an omnibus clause, which reads as follows:

"Definition of Insured: With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'Insured' includes the named Insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named Insured or with his permission."

The plaintiff in the present declaratory judgment case, The Aetna Casualty and Surety Company, contends that at the time

of the accident Mrs. DeMaison was covered by the omnibus clause of the policy issued by Merchants Indemnity Corporation of New York. Merchants contends that she was not.

It is to be noted that the omnibus clause in the Merchants policy provides that "the unqualified word 'insured' includes the named insured and also includes any person * * * legally responsible for the use thereof, provided the actual use of the automobile is by * * * permission" of the named insured.

■ It would be a distortion of words to say that when the accident in this case happened the automobile was not being used by permission of Emil Schick, Sr., the named insured. Emil, Jr. asked Emil, Sr. for permission to use the car on the evening of January 6, 1950. As a result of this permission Emil, Jr. used the car to make the trip from Ardsley to Willow Grove. It is true that he was not driving the car on this trip, but he used the car as a conveyance in the same sense that he might have used a taxicab, a bus, a train, or some other person's car to go from Ardsley to Willow Grove. Since the accident happened when the automobile was being used by permission of the named insured, Mrs. DeMaison, the driver, in my opinion, is covered by the Merchants Indemnity Corporation policy. The fact that Mrs. DeMaison rather than Emil Schick, Jr. was driving the car when the accident happened is immaterial under the words of the omnibus clause; nor is it material that Emil, Sr. had given Mrs. DeMaison no permission to drive and that he would not have given anyone other than Emil, Jr. permission to drive, had he been asked this permission.

■ The law of Pennsylvania must be followed in the construction of the Merchants insurance policy.[1] In my opinion, the decision of the Pennsylvania Superior Court in the case of Conrad v. Duffin, 158 Pa.Super. 305, 44 A.2d 770, is controlling.

In the Conrad case an automobile truck was leased by Duffin, the owner, to one Garlick for the purpose of hauling ashes. While an employee of Garlick was operating [2] the truck it was involved in an accident. Duffin had public liability insurance on his truck which contained an omnibus clause in it identical with the omnibus clause in the Merchants policy in the present case. The insurance company in the Conrad case contended that, since Duffin had given permission only to Garlick to use the truck and had not expressly given permission to any other person to use it, the omnibus clause did not cover an employee of Garlick. The Pennsylvania Superior Court rejected this contention and held the insurance company liable. In its opinion the Court used the following language, which could well be applied to the facts in the present case, saying, 158 Pa. Super. at page 308, 44 A.2d at page 771:

"Under the clause of the policy in question it was not required that the named insured's authorization be personal. Rather it was limited to the character of the work, and the policy would, under the circumstances, include anyone using the truck for the purpose authorized. The coverage of the policy would not be limited to the named insured's lessee, but would include those engaged in carrying out the permissive use; the purpose of the policy was to protect those who might be injured by the use of the named insured's truck in which he had acquiesced."

The Pennsylvania Superior Court reasoned that, since the accident occurred while the truck was being used for the purpose for which permission had been granted, the truck at the time of the accident was being used with the permission of the named insured. Under the same reasoning, it follows that the insurance of the Merchants Indemnity Corporation covers the

1. All the parties agree on this point, making it unnecessary to discuss the conflict of laws problem in the case.

2. The injury actually was caused by an ash can which was being handled by the employee, but for the purpose of deciding the insurance problem the situation was treated by the Pennsylvania Superior Court as though the injury had occurred by reason of the operation of the truck.

situation in the present case. The purpose for which Emil Schick, Jr. received permission to use the car on the night of the accident was his transportation and general amusement. The car was being operated for these purposes when the accident happened.

The form of omnibus clause in the present case seems to be included in almost all automobile public liability insurance policies and the question of permissive use under this clause has become a fairly common one. It has come up in almost every state in the country over a period of many years, with the resulting court decisions being in conflict. The problem sometimes arises from a deviation from a designated permitted trip as in Laroche v. Farm Bureau Mutual Automobile Insurance Co., 335 Pa. 478, 7 A.2d 361. Sometimes it arises when, as in the present case, a permitted driver makes use of a car by permitting another person to drive it. In Pennsylvania where there is a substantial deviation from a designated permitted trip, the insurance companies have been absolved from liability,[3] but they are not relieved from liability where a permitted driver uses a car by allowing another person to drive it. See Conrad v. Duffin, supra. If they wish to be relieved from liability where a permitted driver uses the car by permitting some other person to drive it, the insurance companies should, and easily could, so state in their policies. Until they do, they will be bound by the precise meaning of the words they have used and in Pennsylvania they will be held liable at least as long as Conrad v. Duffin [4] is followed.

■ At the time of the accident Mrs. DeMaison's husband owned an automobile which was insured by the plaintiff, The Aetna Casualty & Surety Company. The Aetna policy contained a clause insuring both Mr. DeMaison and Mrs. DeMaison in the event of either of them being involved in an accident while driving another car. The Aetna insurance, however, by the terms of the Aetna policy, applied only as excess insurance above whatever public liability insurance might cover the other car driven by Mr. or Mrs. DeMaison at the time of an accident. At the time of the accident, therefore, Mrs. DeMaison was covered by the excess insurance clause of the Aetna policy.

After the Schick car, driven by Mrs. DeMaison, had struck a parked car, as herein described, the owner of the parked car sued Mrs. DeMaison for the property damage to his car before a Justice of the Peace. Mrs. DeMaison notified an authorized agent of the Merchants Indemnity Corporation of the suit. He advised Mrs. DeMaison to pay no attention to the suit and told her that his company would file an appeal to the Montgomery County court from the judgment which would be rendered against her by the Justice of the Peace. Following his instructions Mrs. DeMaison did not appear before the Justice of the Peace. Judgment was entered against her, but by mistake the Merchants Indemnity Corporation failed to take an appeal to court until it was too late to file an appeal. Mrs. DeMaison then, because of the judgment against her, was faced with a constable's levy on her property and also the loss of her automobile driver's license. The Merchants Indemnity Corporation took the position that it was not liable under the terms of the policy and refused to do anything further about the suit and judgment against Mrs. DeMaison. By this time the Aetna Company had been notified of the situation. To protect Mrs. DeMaison, and in view of its excess insurance, the Aetna loaned Mrs. DeMaison $250, which was sufficient to settle the claim of the owner of the parked car. Mrs. DeMaison used the $250 for this purpose.

3. Laroche v. Farm Bureau Mutual Insurance Co., 335 Pa. 478, 7 A.2d 361, makes this clear although up to the time of the decision in the Laroche case the law of Pennsylvania was unsettled. See Brower v. Employers' Liability Assurance Co., Ltd., 318 Pa. 440, 177 A. 826.

4. This seems to be the only reported case in Pennsylvania where a permitted driver made use of a vehicle by permitting another person to operate it.

■ The Merchants Indemnity Corporation contends that the payment by the Aetna was as a volunteer and that the Aetna is not entitled to reimbursement from the Merchants. It is clear from the loan agreement by which the Aetna paid the $250 to Mrs. DeMaison that the payment was only a loan, although it was to be repaid only out of the proceeds of Mrs. DeMaison's claim against the Merchants Indemnity Corporation. Consequently, the Merchants Indemnity Corporation owes Mrs. DeMaison $250 [5] because of the damage to the parked car, and if Aetna proceeds to enforce its rights, Mrs. DeMaison will be compelled to pay $250 to the Aetna after she has received this sum from the Merchants. The Aetna, of course, will have no right to any of the proceeds of the personal injury claim which is being made by the passenger in the car which Mrs. DeMaison was driving.

■ The case is in this court by reason of diversity of citizenship. A passenger in the Schick car, driven by Mrs. DeMaison, has sued Mrs. DeMaison for personal injuries for a sum which properly is in excess of $3,000. Consequently, this court has jurisdiction of the case.

The statements of fact and law in the foregoing opinion will constitute the Court's findings of fact and conclusions of law in the case.

It is ordered and decreed as follows:

1. Merchants Indemnity Corporation of New York is liable under its policy of insurance in any action or actions for property damage or personal injuries brought against Leona DeMaison, arising out of the motor vehicle accident hereinbefore recited, up to the limit of its policy, provided that it shall properly be found that Leona DeMaison was negligent in said accident or that a judgment has been rendered against her by reason of said accident.

2. The policy of insurance of Merchants Indemnity Corporation of New York, hereinbefore referred to, constitutes the primary coverage in any action or actions for property damage or personal injuries against Leona DeMaison arising out of the motor vehicle accident hereinbefore described.

3. The coverage in the policy of The Aetna Casualty and Surety Company constitutes solely excess insurance and The Aetna Casualty and Surety Company is not liable and shall not be liable in any action or actions for property damage or personal injuries brought against Leona DeMaison, arising out of the aforesaid motor vehicle accident, except to the extent that the policy of Merchants Indemnity Corporation of New York does not cover the same by reason of its monetary limits.

4. The Merchants Indemnity Corporation of New York is legally obligated under its aforesaid policy of insurance to defend all and any action or actions for property damage or personal injuries brought against Leona DeMaison arising out of the aforesaid motor vehicle accident.

---

5. The question of whether the Merchants is liable under a theory of estoppel was argued at length in the case. In view of my decision holding that the Merchants coverage by the terms of its policy applies to Mrs. DeMaison, it is not necessary to decide the estoppel problem.