### AETNA CASUALTY & SURETY CO.
### v.
### DE MAISON.
#### No. 11168.

United States Court of Appeals, Third Circuit.
Argued Jan. 22, 1954.
Decided June 7, 1954.

---

17. See footnote 4 supra.

20. Ibid.

Lynn L. Detweiler, Philadelphia, Pa. (Swartz, Campbell & Henry, Philadelphia, Pa., on the brief), for appellants.

Robert E. Jones, Philadelphia, Pa. (Rawle & Henderson, Thomas F. Mount, Joseph W. Henderson, Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

In Pennsylvania, is a person who is allowed to drive an automobile by one who has been given the owner's permission to use the car for a specific purpose, an additional insured under the terms of the owner's public liability automobile policy which extends coverage to "any person while using the automobile * * * provided *the actual use* of the automobile is by the named insured or with his permission?" (Emphasis supplied.)

That is the issue presented by the instant appeal—novel in the sense that the precise question has never been decided by the appellate courts of Pennsylvania nor any of its inferior courts as far as our research and that of counsel has revealed. The facts are detailed in the opinion of the court below.[1] They may be summarized as follows:

Emil Schick, Sr. (Senior), owned an automobile. Once or twice a week he granted permission to use the car to his son, Emil Schick, Jr. (Junior), who lived with him. Junior did not own an automobile. He was obliged to obtain permission whenever he wanted to use Senior's car; he never used it without permission; he had never been given permission, express or implied, to allow anyone else to drive the car; he never considered that he had such permission.

On the evening of January 6, 1950, Junior asked for and received permission to use the automobile to go to the Yorktown Theatre in Jenkintown, a suburb of Philadelphia. He then drove to Messina's Inn in Ardsley, Pennsylvania, about three miles beyond Jenkintown.[2] There he met a group of friends including Mr. and Mrs. DeMaison. After a time they decided to drive to a diner in Willow Grove, some three or four miles distant. Junior told Mrs. DeMaison to "go ahead and drive" Senior's car and she proceeded to do so.[3] He sat alongside her. After the car had travelled about two and a half miles there was an accident. The other car was damaged and Junior was injured. The owner of the damaged car and Junior each brought suit against Mrs. DeMaison in the state courts.

At the time of the accident Senior carried a public liability policy with the Merchants Indemnity Corporation of New York (Merchants). The policy contained an omnibus clause which provided:

"Definition of Insured: With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the *actual use* of the automobile is by the named insured or with his permission." (Emphasis supplied.)

---

1. Aetna Casualty & Surety Co. v. DeMaison, D.C.E.D.Pa.1953, 114 F.Supp. 106.

2. The record does not disclose the time of Junior's departure from his home; time of his arrival at Messina's Inn; how long he stayed there; whether he had gone to the movies at Jenkintown or still planned to go there when the accident happened. Although there was no evidence on the score, judicial notice may be taken of the fact that when the accident happened the automobile was several miles north and beyond the Yorktown Theatre in Jenkintown.

3. Sometime earlier Mrs. DeMaison said she had never driven a car with an automatic gear shift such as the Schick car had and expressed a desire to do so.

Mrs. DeMaison's husband owned an automobile which was insured by the plaintiff, The Aetna Casualty and Surety Company (Aetna). The Aetna policy also contained a clause insuring both Mr. and Mrs. DeMaison in the event either of them was involved in an accident while driving another car. As to the latter, the Aetna policy applied only as excess insurance above whatever public liability insurance might cover such other car.

Aetna filed a Petition for Declaratory Judgment in the District Court,[4] seeking a decree defining the respective coverage or coverages, if any, of its policy and Merchants' policy. At the conclusion of the testimony and arguments, the District Court found that Mrs. DeMaison's operation of the car was with the permission of the named insured (Senior), and held, therefore, that Mrs. De-Maison was an additional insured under Merchants' policy. Accordingly, it further decreed, (1) the policy of insurance issued by Merchants constituted the primary coverage for the accident; (2) the policy of Aetna constituted only excess insurance, effective only when the monetary limits of Merchants' policy had been consumed; and (3) Merchants had the obligation of defending all actions brought against Mrs. DeMaison arising out of the accident.

The District Court made it clear in its opinion that it regarded its disposition to be dictated by the ruling of the Superior Court of Pennsylvania, (an intermediate appellate court) in Conrad v. Duffin, 1945, 158 Pa.Super. 305, 44 A.2d 770.[5] It construed that case to lay down the broad and inflexible rule that "insurance companies * * * are not relieved from liability where a permitted driver uses a car by allowing another person to drive it."[6]

It was on that premise that the District Court held that Mrs. DeMaison had "permission" to drive even though it had made the specific finding of fact, 114 F.Supp. at page 108 of its opinion, " * * * that Emil, Sr. had given Mrs. DeMaison no permission to drive and that he would not have given anyone other than Emil, Jr. permission to drive, had he been asked this permission."[7] In that connection it may be observed that the District Court made it clear that it considered immaterial, under Conrad v. Duffin, supra, the fact that Senior had not, nor would he have, given permission to Mrs. DeMaison to drive.

Under these circumstances the District Court's finding that Mrs. De-Maison was driving with the "permission" of Senior must be regarded as an ultimate finding of fact and on that score it is well-settled that an ultimate finding as to liability-creating conduct is but a legal inference from other facts which is reviewable free of the impact of the clearly-erroneous rule pertaining to findings of fact.[8]

---

4. Jurisdiction was based upon diversity of citizenship (Merchants Indemnity Corporation of New York is a New York corporation; Aetna Casualty and Surety Company is a Connecticut corporation) and an amount in controversy in excess of $3,000: (in his state court action against Mrs. DeMaison, Schick, Jr., claimed damages of $10,000).

5. "In my opinion, the decision of the Pennsylvania Superior Court in the case of Conrad v. Duffin * * * is controlling. * * *" (114 F.Supp. at page 108, District Court's opinion).

6. "In Pennsylvania where there is a substantial deviation from a designated permitted trip, the insurance companies have been absolved from liability, but they are not relieved from liability where a permitted driver uses a car by allowing another person to drive it. See Conrad v. Duffin, supra." 114 F.Supp. at page 109, District Court's opinion.

7. The District Court did not make "Findings of fact" and state "conclusions of law" as required by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., but merely noted in its opinion, 114 F.Supp. at page 110, "The statements of fact and law in the foregoing opinion will constitute the Court's findings of fact and conclusions of law in the case."

8. The E. A. Packer, 1891, 140 U.S. 360, 11 S.Ct. 794, 35 L.Ed. 453; The P. Dougherty Co. v. United States, 3 Cir.,

On this appeal Merchants contends that the District Court erred in its interpretation of the holding in Conrad v. Duffin, supra; that there the facts were materially different; that the prevailing view in other jurisdictions is contra to that of the District Court and that Pennsylvania decisions on general insurance law indicate an accord with it.

Aetna urges to the contrary. It asserts Conrad v. Duffin controls and that the District Court's disposition is in accord with the majority rule throughout the United States.

Interestingly enough both parties have rallied to their battle standards 160 A.L.R.; Merchants cites Section IV "Authority of original permittee to delegate permission to 'use' car", subsection d.1 at page 1210; Aetna cites Section V "Authority of original permittee to delegate permission to 'operate' car", subsection b.1 at page 1213. The sections relied on and the cases cited therein will be subsequently discussed.

As we earlier stated, the Pennsylvania courts have never passed upon the precise issue presented by this appeal. That being so we are required to consider such approach to the problem as may be indicated by Pennsylvania cases in the general field and to resort to general applicable principles to reach a decision consistent with Pennsylvania law.[9]

It may be well to first consider general applicable principles before discussing the related Pennsylvania cases.

Before doing so it must be noted that we are not here concerned with the cleavage which exists with respect to gross deviation cases among the various jurisdictions giving rise to so-called "majority" and "minority" rules. With respect to these rules the majority view is that permission, in order to extend the protection of the policy, means " * * * a consent to use the car at a time or place, or for a purpose, authorized by insured, so that a different use is not within such protection";[10] the minority view holds that once permission has been given it is immaterial that the car is subsequently operated in a manner not within the contemplation of the parties.[11]

What we are here concerned with is the critical issue as to whether a third person is entitled to the status of an additional insured when he is allowed to drive a vehicle by one who has been authorized by the insured owner to use it but who has not been given express or implied permission to delegate his authority.

Applicable to the issue here are these generally accepted principles: "One to whom insured has given permission to use the car has no authority to delegate such permission to another so as to make the latter an additional insured; but insured's conduct, or the nature or scope of the permission granted by him, may be such as to indicate permission to such other";[12] mere "permission to use the auto does *not* in itself, by implication, include an authority to delegate such permission to a third person."[13]

1953, 207 F.2d 626, 629, certiorari denied, 1954, 347 U.S. 912, 74 S.Ct. 476.

9. Continental Assurance Co. v. Conroy, 3 Cir., 1954, 209 F.2d 539.

10. 45 C.J.S., Insurance, § 829, at page 898.

11. Jefson, for Use of Aber v. London Guarantee & Accident Co., 1937, 293 Ill. App. 97, 11 N.E.2d 993; Haeuser v. Aetna Casualty & Surety Co., La.App. 1939, 187 So. 684.

12. 45 C.J.S., Insurance, § 829, at page 901.

In 6 Blashfield, Cyclopedia of Automobile Law and Practice 617 (1945), the rule is stated as follows:

"Named insured's discretionary power to select additional insureds cannot be delegated; *and permission to drive does not confer upon the licensee the power* to confer permission, and one driving under this derivative, and therefore defective, permission is not an additional assured. . ." (Emphasis supplied)

13. Omnibus Clauses in Automobile Insurance Policies, 327 Insurance Law Journal 237, 241 (1950). To the same

The books abound with cases subscribing to these principles.[14]

The Supreme Court of Pennsylvania has had occasion to consider problems of insurance liability when an automobile is involved in an accident while being operated by one other than the insured owner.

In doing so it has laid down these principles: (1) "there is no * * * liability if at the time of the accident the car is being driven at a time or place or for a purpose not authorized by the insured";[15] (2) permission by the insured owner to one to use his car may be express or implied;[16] (3) the word "permission" is to be construed as permission to use the car in a specified manner and for a specified purpose and where the policy provides " 'the *actual* use is with the permission of the Named Insured' " the words "actual use" are to be construed as " 'the particular use' ";[17] (4) "The *'use or operation* * * * with the permission of the named assured' *refers to the time of the casualty and not to the time of granting consent* * * * *" and "Where the owner allows another the use of his car for a specific purpose, *restriction to such purpose is clearly implied. Express permission for a given purpose does not imply permission for all purposes.*"[18]  (Emphasis supplied.)

Although the principles stated were enunciated in deviation cases they strongly indicate an accord with the generally prevailing rule that permission to use an automobile does not in itself by implication include an authority to delegate such permission to a third person so as to make him an additional insured. Indeed no other inference is possible in view of the Pennsylvania Supreme Court's holding that "express permission for a given purpose does not imply permission for all purposes" and "the particular use" of the car at "the time of the casualty" must be with the consent of the insured.[19]  Conrad v. Duffin, supra is not to the contrary. That case did not deal with the problem here presented and is entirely inapposite. The holding there and its scope were misconstrued by the District Court and the latter erred in considering it as "controlling" in the instant case, and as authority for the broad proposition that a person allowed to drive a car by

---

effect, Appleman, Insurance Law and Practice (1942), Vol. 7, Sec. 4361 at page 157.

14. Card v. Commercial Casualty Ins. Co., 1936, 20 Tenn.App. 132, 95 S.W.2d 1281; Monroe v. Heard, La.App.1936, 168 So. 519; Holthe v. Iskowitz, 1948, 31 Wash. 2d 533, 197 P.2d 999; Fox v. Crawford, Ohio App.1947, 80 N.E.2d 187; Cronan v. Travelers Indemnity Co., 1941, 126 N.J.L. 56, 18 A.2d 13; Moschella v. Kilderry, 1935, 290 Mass. 62, 194 N.E. 728; Locke v. General Accident Fire & Life Assurance Corporation, Limited, of Perth, Scotland, 1938, 227 Wis. 489, 279 N.W. 55; Allstate Insurance Co. v. Hodson, 1942, 92 N.H. 233, 29 A.2d 782; U. S. Casualty Co. v. Bain, 1951, 191 Va. 717, 62 S.E.2d 814.

15. Freshkorn v. Marietta, 1942, 345 Pa. 416, 419, 29 A.2d 15, 16.

16. Brower v. Employers' Liability Assurance Company, Ltd., 1935, 318 Pa. 440, 177 A. 826.

17. Laroche v. Farm Bureau Mutual Automobile Insurance Co., 1939, 335 Pa. 478, 482, 483, 7 A.2d 361, 363.

18. Concurring opinion of the late Mr. Justice Drew in Brower v. Employers' Liability Assurance Co., Ltd., note 16 supra, 318 Pa. at page 449, 177 A. at page 830; cited with approval in Freshkorn v. Marietta, note 15, supra, 345 Pa. at page 419, 29 A.2d at page 17.

19. Cf. Lumbermens Mut. Cas. Co. v. Sutch, 3 Cir., 1952, 197 F.2d 79, 82. In that case the companion-chauffeur to an aged lady used the car without the latter's permission. The insurance policy contained an omnibus clause similar to that in the instant case. Attached to the policy was an endorsement which provided that the car was not be driven by the insured (because of her age) and was to be operated by the woman companion. We held that the latter provision did not dispense with the requirement under Pennsylvania law that the operator of a car must receive the permission of the insured owner.

the original permittee is entitled to the status of an additional insured.

In Conrad v. Duffin, the latter an "excavation contractor", leased his insured truck to one Garlick for the removal of city ashes. The policy, which contained an omnibus clause identical to that here, stated that the truck was to be used "in the business occupation of the named insured". While Abrams, an employee of Garlick, was operating the truck it was involved in an accident. In holding that the insurer was liable even though the truck was not being driven by Garlick, but by his employee, the Court stated, 158 Pa.Super. pages 309–310, 44 A.2d at page 772:

"There was permission upon the part of the named insured to use his truck for a particular purpose * * *. It is true there was no actual permission in this case by the named insured to Abrams; but the necessary permission may be in the form of express or implied affirmative consent, or it may result by implication from the relationship of the parties or by a course of conduct in which the parties have mutually acquiesced. * * * It is to be observed that the policy covers 'any person or organization legally responsible for the use (of the automobile or truck), provided the actual use of the automobile is with the permission of the named insured.' It would seem that every person, firm, or corporation, other than those within the excluded classes which are not applicable to Abrams, are impliedly covered by the policy. By the express provision of the policy the named insured could have given permission to any person to use his truck, and the policy would have covered that person as to an accident which might have followed from such use. As the named insured leased the truck to Garlick *for the express purpose of removing city ashes, there can be no doubt but that he thereby gave implied permission to workmen, whoever they might be, to engage in the use of the truck for the purpose for which it was leased, that is, the loading and unloading of ashes.* This was the act Abrams was performing when the accident in question occurred. Liability of appellant under its policy is not based on the doctrine of respondeat superior, but rather on the ground that Abrams was within the category of persons insured by appellant thereunder." (Emphasis supplied.)

It is clear from the above statement that the basis of the Court's holding was that it was within the contemplation of the parties that the lessee's workmen would drive the truck and accordingly there was "implied affirmative consent" to do so on the part of the insured lessor. In the instant case the facts are quite different. There was no basis here for any finding of "implied" consent because of "contemplation" that Junior would permit a third person to drive the car. Indeed, the District Court made the specific fact finding that Senior had *not* given Mrs. DeMaison permission to drive and *"that he would not have given anyone other than Emil, Jr. permission to drive had he been asked this permission."*

One further fact may be noted in connection with Conrad v. Duffin, supra. In footnote 2, 158 Pa.Super. at page 309, 44 A.2d at page 772, the Court cited with apparent approval Laroche v. Farm Bureau Mutual Automobile Insurance Co., 1939, 335 Pa. 478, 483, 7 A.2d 361, that "The words 'the actual use' really mean 'the particular use.'"

We come now to Aetna's contention that Section V, subsection b.1, 160 A.L.R. (page 1213) sustains its contentions. The section referred to reads as follows:

"It has been held in the great majority of cases that the initial permission given by the named assured to the original permittee includes, by implication, authority to delegate the operation of the automobile to an agent or servant where the orig-

inal permittee is riding with the agent or servant in the car."

The above statement and another in Section V, b.2 (page 1215) [20] undeniably give aid and comfort to Aetna. Unfortunately for it, however, the cases cited by the textwriter as authority for the broad and sweeping statements which he has made are either wholly inapposite, distinguishable or in fact directly to the contrary.

For example, Jones v. New York Casualty Co., D.C.E.D.Va.1938, 23 F.Supp. 932, and Boudreau v. Maryland Casualty Co., 1934, 287 Mass. 423, 192 N.E. 38, merely held that the first permittee of the named insured did not lose *his* coverage as an additional insured because he allowed a third person to operate the automobile.[21] The instant case presents a quite different situation; namely, whether such *third person* is an additional insured, and in such instances, the courts, in several cases cited by the textwriter, held that he is *not*. Thus in American Casualty Co. of Reading, Pa. v. Windham, D.C.M.D.Ga.1939, 26 F.Supp. 261, affirmed 5 Cir., 1939, 107 F.2d 88, certiorari denied 1940, 309 U.S. 674, 60 S.Ct. 714, 84 L.Ed. 1019, the District Court specifically ruled that the insurance company was *not* required to pay any judgment which might be obtained against the second driver but was only required to pay the judgment against the first permittee. Brown v. Kennedy, 1943, 141 Ohio St. 457, 48 N.E.2d 857 and Monroe v. Heard, La.App.1936, 168 So. 519, held to like effect.

It is true that in Aetna Life Ins. Co. v. Chandler, 1937, 89 N.H. 95, 193 A. 233 the second permittee was held to be an additional insured. That case however, contained this significant distinguishing factor—there the first permittee was told to use the car as her own and while she was driving it she was suddenly stricken ill and asked a third person to take the car to obtain medicine for her.

Likewise in the following cases these special factors existed: In Glens Falls Indemnity Co. v. Zurn, 7 Cir., 1937, 87 F.2d 988, the named insured had consented to the use of his car in a *joint enterprise* which was being carried out at the time of the accident; in American Employers' Insurance Co. v. Liberty Mutual Insurance Co., 1944, 93 N.H. 101, 36 A.2d 284, the permittee of the named insured was told *to use the car as his own*, and the evidence indicated that the named insured (an automobile dealer) had no objection as to who drove his car so long as it was in an effort to make a sale of an automobile; in Harrison v. Carroll, 4 Cir., 1943, 139 F.2d 427, 429, it appeared from the evidence that the named insured had knowledge that her son permitted third parties to drive the car, and that she consented to the car's use "on Sundays for his own purposes and his own pleasure * * * in any ordinary manner that he might see fit"; and in United Services Automobile Association v. Preferred Accident Insurance Co., 10 Cir., 1951, 190 F.2d 404, 406, a *Colonel Almquist* bought an automobile and on his subsequent departure for overseas duty transferred title to the car and its possession to his mother, who insured it. On the Colonel's return from duty overseas his mother retained the title but turned possession of the automobile back to him "without condition, restriction or limitation of any kind. * * * Both parties contemplated that he would have

20. Subsection b.2 reads as follows:
"Similarly to the rule stated in the preceding subdivision (supra, V b 1) of this annotation, it has been held in the few cases involving this situation that the initial permission given by the named assured to the original permittee includes by implication the authority to delegate the operation of the automobile to an agent or servant where the latter operates the car in the interest of the original permittee or for their mutual purposes."

21. Prillaman v. Century Indemnity Co., D.C.W.D.Va.1943, 49 F.Supp. 197, affirmed 4 Cir., 1943, 138 F.2d 821, cited by Aetna, is to the same effect.

possession of it; that he would use it; and that he would exercise complete dominion and control over it either to use it himself or permit others to do so, the same as though the legal title was vested in him." Colonel Almquist permitted a friend to drive the vehicle and there was an accident. The Court held "that in these peculiar circumstances" the Colonel's friend was an additional insured.

An exhaustive review of the cases has failed to disclose a single instance in which a second permittee was held to be an additional insured under circumstances such as exist here, to wit: whenever Junior wanted to use the car he had to receive Senior's permission to do so; Junior had never before permitted anyone to drive the car; Senior would not have given Junior permission to allow anyone else to drive the car; and Senior had not given Mrs. DeMaison permission to drive.

■ We are of the opinion that in Pennsylvania one to whom insured has given permission to use an automobile has no authority to delegate such permission to another so as to make the latter an additional insured, and that permission to use an automobile does not in itself, by implication, include an authority to delegate such permission to a third person.[22]

■ In view of the fact that the record in this case discloses that there was no express or implied permission given by Senior to Mrs. DeMaison to drive the car and that there was no express or implied permission by Senior to Junior to delegate his own permission to drive to Mrs. DeMaison or anyone else, we are of the opinion that the District Court erred in ruling that Mrs. DeMaison was an additional insured under the Merchants policy.

For the reasons stated the Order of the District Court will be reversed with directions to proceed in accordance with this opinion.[23]

---

22. The rationale of the rule was succinctly stated in Card v. Commercial Casualty Insurance Co., note 14 supra, as follows, 95 S.W.2d at page 1284:

"The 'additional assured' clause in effect gives the named assured the discretionary power to select 'additional assureds.' This discretionary power cannot be delegated to another. * * * The element of risk underlies all forms of insurance. The insurer has a right to assume that the risk he undertakes shall not be enlarged. The extent of the risk is the basis of all tabulated premium charges. * * * The insurer looks first to the standing and reputation of the named assured, and trusts his discretion in selecting other persons to operate the car. * * * the named assured has no power to delegate his discretion; he must personally approve and give 'permission' in order to bring the other person within the coverage of the policy. * * *"

23. Freshkorn v. Marietta, note 15 supra, 345 Pa. at page 420, 29 A.2d at page 17.