THE CONJUGAL PARTNERSHIP, ETC., Plaintiff, Appellee and Appellant, *v.* VICENTE CRUZ MENÉNDEZ, VICENTE CRUZ MORELL, BLANCA GONZÁLEZ SILVA and her husband, CARLOS PATTERNE, HAROLD MATIENZO and THE UNITED STATES FIDELITY AND GUARANTY CO., Defendants and Appellants the first two and Appellees all of them.

No. 11431. Argued March 2, 1955.—Decided May 27, 1955.

336

*B. Sánchez Castaño* and *R. Rivero Cervera* for plaintiff-appellee.
*A. Cadilla Ginorio* and *Juan Enrique Géigel* for defendants-appellants.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On February 26, 1951, Harold Matienzo asked to borrow from Blanca González Silva her automobile to make a trip from Arecibo to San Juan, for the purpose of attending a party which the employees of the National City Bank were giving that day in this city. Blanca González Silva consented and on that same afternoon Matienzo drove to San Juan accompanied by Vicente Cruz Menéndez, a fellow employee in the Arecibo branch of that bank. During the party Cruz Menéndez, a minor at that time, borrowed the vehicle from Matienzo and drove to Barrio Obrero in Santurce to call on a young girl, whom he married subsequently. On his way back, between 9 and 9:30 p. m., Cruz Menéndez ran over Federico Cabrera Viera, plaintiff herein. The conjugal partnership composed of the latter and his wife [1] brought suit against Harold Matienzo, Vicente Cruz Menéndez, and his father, Vicente Cruz Morell; against Blanca González and her husband, Carlos Patterne; and against the United States Fidelity and Guaranty Co., insurer of the automobile, claiming from all of them the total sum of $25,000 for damages sustained as a result of the accident, plus costs and attorney's fees.

---

[1] *Cf. Meléndez* v. *Iturrondo*, 71 P.R.R. 56, 58.

The San Juan Part of the Superior Court granted the complaint as to defendants Vicente Cruz Menéndez and Vicente Cruz Morell, ordering them to pay to plaintiff partnership the sum of $3,000 for damages, plus $500 for costs, expenses, and attorney's fees,[2] and dismissed it as to the other defendants. Feeling aggrieved, plaintiff as well as defendants Vicente Cruz Menéndez and Vicente Cruz Morell appealed to this Court assigning the errors which follow:

### Discussion of Errors Assigned by the Plaintiff Partnership

 Plaintiff's first contention is that the lower court erred in exonerating Blanca González Silva from all liability. Such contention is clearly frivolous for even if we concede, as sought by plaintiff, that Blanca lent her automobile to Harold Matienzo and to Vicente Cruz Menéndez, we must necessarily conclude that plaintiff is not right. The evidence shows conclusively that Cruz Menéndez was not acting at the time of the accident as an agent or employee of Blanca González Silva under an employment contract. Therefore, § 1803 of the Civil Code does not apply here.[3]

"$\cdot$ $\cdot$ $\cdot$ $\cdot$ $\cdot$ $\cdot$ $\cdot$

"Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties, *and the owners or proprietors of any motor vehicle used for the private service of its owner or proprietor, are also liable for the damages caused by the operation of same by their employees or agents duly authorized to drive said vehicles, and while they act in the performance of their duties as such employees or agents, in accordance with the terms of their work contract.*

"$\cdot$ $\cdot$ $\cdot$ $\cdot$ $\cdot$ $\cdot$ $\cdot$ ." (Italics ours.)

[2] In ordering a party to pay the costs and attorney's fees, the best practice is to say so as respects costs and to specify the exact amount which the losing party is bound to pay for such fees. *Cf.* § 327 of the Code of Civil Procedure, as amended by Act No. 411 of May 11, 1951 (Sess. Laws, p. 1094).

[3] Section 1803 of the Civil Code, as amended by Act No. 120 of May 12, 1943 (Sess. Laws, p. 372), provides in its pertinent part:

"The obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible."

*Díaz* v. *Iturregui*, 72 P.R.R. 191. Nor is there any evidence to show that the accident was due to negligence on the part of Blanca González Silva. On the other hand, the fact that she lent her automobile to Harold Matienzo who, as revealed by the evidence, had no driver's license, without finding out first whether or not he had one, can in nowise constitute actionable negligence, since Matienzo was not the driver of the automobile at the time of the occurrence.

Plaintiff next contends that the lower court erred in exonerating the insurer, U. S. Fidelity and Guaranty Co., from liability. When the accident occurred, Blanca's automobile was covered by an insurance policy issued by that company. Plaintiff maintains that at the time of the accident Cruz Menéndez was covered by the omnibus clause of that policy and, consequently, that the policy covered the damages which Cruz Menéndez caused to Cabrera Viera. Plaintiff is not right since, as we shall presently see, Cruz Menéndez was not covered by that clause. That clause in its pertinent part reads as follows:

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'Insured' includes the Named Insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the Named Insured or with his permission. The insurance with respect to any person or organization other than the Named Insured does not apply: . . ."

It may be observed that the effect of such clause is to include also, as insured, every person who uses the vehicle covered by the policy with the permission of the insured specifically designated therein. Plaintiff contends that at the time of the accident Vicente Cruz Menéndez had the "express permission" of Blanca González Silva to use her automobile and, in the alternative, that even if we assume that he had no such express permission, he had her "implied permission." The evidence on which plaintiff bases its

assertion that Cruz Menéndez was using the automobile with the express permission of Blanca González Silva evidently consists of Cruz Menéndez' own testimony. According to the latter, Blanca González Silva lent her automobile to Harold Matienzo and to him to drive both of them to San Juan.[4] However, from Matienzo's testimony as well as from Blanca's testimony it is clear that the automobile was lent to the former only; that Cruz Menéndez was not present when Matienzo asked to borrow the automobile from Blanca González Silva; that nothing was said about Cruz Menéndez, and that Blanca did not know that Cruz Menéndez was going to San Juan with Matienzo and much less that he intended to use the automobile. The lower court, in the exercise of its discretion to settle conflicts in the evidence, did not believe Cruz Menéndez' testimony. Since in this respect the evidence was conflicting and the court settled the conflict, and since its conclusion is wholly supported by the evidence which it had under consideration, it is our duty to decide that Cruz Menéndez had no express permission to use or operate the automobile involved in the accident.

We now turn to consider plaintiff's contention that Cruz Menéndez had implied permission from Blanca González Silva to use the vehicle. The former maintains that when Blanca lent the automobile to Harold Matienzo, she impliedly authorized the latter to lend it to Cruz Menéndez and, hence, that the latter used it with the implied permission of Blanca González Silva. There is no doubt that the permission required in the omnibus clause may be express or implied. *Aetna Casualty & Surety Co.* v. *De Maison*, 213 F. 2d 826;

---

[4] It is well to indicate that, irrespective of whether Blanca González lent her automobile to Cruz Menéndez and to Matienzo, or to the latter only, when the accident occurred the vehicle was not being used for the purpose for which it was lent. However, it is not necessary to pass upon this question since, as we shall presently see, Cruz Menéndez had no permission from Blanca González to use the vehicle, and this in itself releases the insurer from liability.

As to the different theories on the effect of deviations from the authorized use of a vehicle, see 126 A.L.R. 544–52, 15 Tulane L. Rev. 422.

*Drake* v. *General Accident Fire & Life Assur. Corp.*, 77 S. E. 2d 71; *Northwest Cas Co.* v. *Kirkman*, 119 F. Supp. 828; *Norris* v. *Pacific Indemnity Co.*, 247 P. 2d 1; *Hodges* v. *Ocean Accident, etc.*, 18 S. E. 2d 28, certiorari denied in 317 U. S. 705. However, the permission given to Matienzo does not in itself constitute authority for him to lend the automobile to a third person. *Cf. Aetna Casualty & Surety Co.* v. *De Maison, supra; Holthe* v. *Iskowitz*, 197 P. 2d 999, 1005. The evidence believed by the court shows that Blanca González Silva was silent as to whether or not Harold Matienzo had authority to lend the automobile to Cruz Menéndez or other persons. The general rule in cases of this nature is stated in 160 A.L.R. 1195, 1206, where it is said:

"3. The original permittee who has been given permission to use the car cannot, according to the great weight of authority, delegate this authority to the second permittee so as to bring the use of the car by that person within the protection of the policy where the initial permission is silent as to the question of delegation of authority."

See, also, 5 A.L.R. 2d 600 *et seq;* Blashfield, *Cyclopedia of Automobile Law and Practice*, Vol. 6, part 1, perm. ed., § 39.43, p. 617; Couch, *Cyclopedia of Insurance Law*, 1955 Supp., Vol. 5, § 1175 *c*-1, p. 107; 5 Am. Jur. 805, § 534; *op. cit.*, 1954 Supp., § 535–1, p. 190; 45 C.J.S. 901, § 829; 27 Scaevola, *Código Civil*, 1952 ed., p. 185. An exception to the general rule is also recognized where the person who uses the vehicle with the original permittee's consent serves some purpose of the permittee or for the latter's benefit. *Cf. Norris* v. *Pacific Indemnity Co., supra;* 160 A.L.R. 1195, 1206. However, in the case at bar the situation is different from those cases in which exceptions have been recognized, since here Cruz Menéndez was using the automobile for purposes alien to the original permittee's interests, and, furthermore, there is nothing in the record to infer that Harold

Matienzo had implied permission to lend the automobile to Cruz Menéndez.

Plaintiff further insists that, in view of the close friendship between Matienzo and Blanca González Silva, we must conclude that the latter knew that the former had no driver's license, and that when she lent her automobile she impliedly authorized him to permit another person with a license, as, for example, Cruz Menéndez, to operate the vehicle. Plaintiff's contention is without merit. Be that as it may, there is no evidence in the record other than Cruz Menéndez' own testimony, which was not believed by the court, from which to infer that Blanca González Silva knew that Harold Matienzo had no driver's license. It appears from Blanca González Silva's as well as from Matienzo's testimony that she had no knowledge of that fact, and that, on the contrary, it was her belief that Harold knew how to operate motor vehicles. In view of the foregoing, we must conclude that Cruz Menéndez was not covered by the omnibus clause of the policy and, therefore, that the trial court did not err in dismissing the complaint against the United States Fidelity and Guaranty Company.

■■ Plaintiff next maintains that the sum awarded by the lower court as compensation is insufficient and inadequately remedial, in view of the injuries suffered by plaintiff. The trial court made the following findings of fact in connection with the damages caused to plaintiff:

" . . . . . . . .

"11.—Plaintiff is 53 years old. As a result of the accident he suffered a fracture of the right fibula. He was hospitalized from February 27 to March 12, and received treatment until April 7, 1951. He was treated in the Municipal Hospital and thereafter in the Clínica Maldonado of Hato Rey. Upon the doctor's advice, he remained home and had to be aided by his daughter and wife to attend to his bodily needs. He is Inspector of Internal-Revenue Offices at a salary of $225, and was disabled for work for a period of three months. He had to walk on crutches for two months and on a cane for eight

months, besides wearing an ankle strap to ease the pain on the leg.

"12.—As a result of the accident he suffered a nervous breakdown from which he recovered, having been treated by Dr. Mario Tomasini.

"13.—Vicente Cruz Menéndez and codefendant Vicente Cruz Morell visited him during his confinement in the hospital. He incurred medicinal expenses amounting to $100."

It is a well-settled rule in this Court that in cases involving damages the fixing of the amount of indemnity is a matter wholly within the sound discretion of the trial court, and the award granted should not be disturbed unless it is unreasonable. *Rodríguez* v. *American Railroad Co.*, 43 P.R.R. 472; *Baralt* v. *Báez, ante,* p. 115.

In view of the evidence offered in this case, particularly the findings of fact of the lower court quoted above, our opinion is that the trial court did not err in fixing the amount of compensation. We therefore conclude that we need not disturb the sum awarded as compensation.

### Errors Assigned by Defendants

The first five errors are to the effect that the lower court erred in holding (1) that Vicente Cruz Morell is liable for the damages caused by his son, Vicente Cruz Menéndez; (2) that the latter lived with them, in the juridical sense contemplated by § 1803 of the Civil Code of Puerto Rico; (3) that the fact itself that a minor operates a vehicle implies the likelihood that his parents have failed to fulfill their duties of vigilance and education; (4) that Vicente Cruz Morell did not fulfill his duties of vigilance and education; that evidently something was wrong with the home environment; that very likely this was the proximate cause of the accident; and (5) that the diligence of the parents was not established and, therefore, that the presumption *juris tantum* of fault of the parents established by § 1803 of the Civil Code has not been overcome.

. · Appellant Cruz Morell maintains, briefly, that the trial court erred in holding that he is liable for the damages caused by his son. He alleges that his son was not living with him at the time of the accident, as required by § 1803 of the Civil Code, and it is therefore his opinion that that section does not apply to the case at bar. Moreover, that even assuming that that section does apply, the presumption of fault established by that section was overcome by the evidence.

· · The liability of the parents for the wrongful or faulty acts of their children arises from § § 1802 and 1803 of the Civil Code, which in their pertinent parts provide as follows:

"Section 1802.—A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done.

"Section 1803.—The obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

"The father, and on his death or incapacity the mother, is liable for the damages caused by the minors who live with them.

". . . . . . . . . ."

The judicial authorities recognize that the liability of the parents arising from § 1803 is based on the fault or negligence of the parents themselves and not on that of the children. It is of a primary, not secondary, nature. *Cruz* v. *Rivera,* 73 P.R.R. 632; Manresa, *Comentarios al Código Civil Español,* Vol. 12, 1951 ed., p. 665; Colombo, *Culpa Aquiliana,* p. 322. As stated in *Cruz* v. *Rivera, supra,* p. 636: "Such fault or negligence of the parents is related to their duty to exercise vigilance over the minor children who live with them, to duly discipline them and to provide them with a proper education and environment . . ." See, also, *Nadal* v. *Miranda,* 27 P.R.R. 300, 305; *Portalatín* v. *Noriega,* 33 P.R.R. 755; *Méndez* v. *Casellas,* 47 P.R.R. 509; *Soto* v. *District Court,* 52 P.R.R. 459, 462.

Section 1803, *supra*, establishes a presumption *juris tantum* of fault in the cases provided against the persons therein enumerated. See Manresa, *op. cit.*, Vol. 12, p. 664, 1951 ed. Therefore, when the father or any of the persons enumerated in § 1803 is held liable, it is not necessary to establish their fault or negligence. The burden rests with them to prove that they did not commit any fault or negligence in order to be free from liability. In this connection, the learned civil lawyer, José Castán Tobeñas, in his treatise on *Derecho Civil Español, Común y Foral*, 7th ed., 1952, Vol. 4, says at p. 791:

"It is clear, as stated by Puig Peña, that this limited char:acter of the provisions of § 1903 [§ 1803 of our Civil Code] is no bar to hold the persons not mentioned *nominatim* therein liable 'by virtue of the general formula of § 1902. However, there is a marked difference. Where attempt is made to exact liability from persons not held liable by the lawmaker on the ground that they have incurred fault *in vigilando* or *in eligendo*, it is absolutely necessary to prove such fault; on the other hand, in these responsibilities for the extraneous acts enumerated *nominatim* by the lawmaker there is a *presumption of fault* against the person liable. The burden of proof therefore rests with the person to prove that he exercised all the diligence of a good father of a family to avoid the damage (§ 1903, last paragraph) if he wishes to clear himself of the accusation, *For example, in the case of husband and wife it will be necessary to prove that he is at fault with respect to the wrongful acts of his wife, for he is not expressly held liable under the law.* Contrariwise, there is a presumption of fault *in vigilando* against the father for the tortious acts of his son, and the injured party is not bound to prove anything but merely allege the damage and the relationship. The burden rests with the father to prove that he exercised due diligence if he wishes to be free from liability.' (*Tratado*, Vol. IV, part 2, p. 577." (Italics ours.)

In the case at bar the evidence establishes clearly that Vicente Cruz Menéndez, the son of appellant Cruz Morell, was a minor at the time of the accident which gave rise to

this litigation.[5] However, it is for us to determine whether the other requirement of § 1803 was present, namely, whether the minor was living with his father at the time of the acci- dent. In *Rodríguez* v. *Santos*, 40 P.R.R. 45, 49, we said that what § 1803 does require is that the child be within the reach of the father's authority to suppress him, and his advice to direct him. Here the evidence shows that Cruz Menéndez was living in the house of his father, Cruz Morell, and that their relationship was good, which they admit. It follows that the minor was within the reach of the paternal authority and that he was living with his father, as required by that section. It is true, as alleged by the defendants, that the evidence further shows that the minor was at the time of the accident an employee of the Arecibo branch of the National City Bank at a salary of $90, and that the minor paid his personal expenses from his salary and contributed of his own will $20 or $25 a month for household expenses. However, the foregoing facts in nowise alter the situation. *Cf.* Giorgi, *Teoría de las Obligaciones*, Vol. 5, p. 397. We must conclude that § 1803 applies to the case at bar and that the second error assigned by defendants was not committed.

We now turn to the contention that the presumption arising from § 1803 was overcome by the evidence. The evidence believed by the lower court rather tended to estab- lish conclusively that Cruz Morell incurred fault *in vigi- lando*, and that he did not duly discipline his son. Cruz Morell's own testimony establishes that his son, Vicente Cruz Menéndez, very often missed his home meals or arrived late, attended parties frequently, and as a result sometimes spent several nights away from home and kept clothes in different places—in his house, in San Juan, and in hotels in Arecibo. However, Cruz Morell, as revealed by his own testimony, took his son's conduct for granted and did not reproach him or

[5] Vicente Cruz Menéndez was 20 years of age on the date of the accident. In Puerto Rico, minors are those who have not attained the age of 21 years. Section 247 of the Civil Code, 1930 ed.

advise him to lead a better way of life. This is clear indication that he did not duly fulfill his duties of *patria potestas*. In view of the above, we conclude that the lower court did not err in holding that the presumption of fault established by § 1803 was not overcome, and, therefore, that it did not err in holding that Vicente Cruz Morell is liable for the damages caused by his son.

As to the third and fourth errors, we need not discuss them specifically since they raise alleged errors which we have already discussed, or the commission of which would in no way lead to reversal of the judgment.

The sixth, seventh, and ninth errors allege that the lower court erred in holding (6) that Blanca González Silva did not lend her automobile to Vicente Cruz Menéndez and to Harold Matienzo; (7) that she was not liable for the damages resulting from the accident; and (9) that codefendant, the United States Fidelity and Guaranty Company, was not liable under the policy issued by it for the damages caused by Blanca González Silva's automobile. These alleged errors have already been discussed in connection with plaintiff's first assignment. We need not discuss them anew.

The remaining three errors assigned by the defendants charge that the lower court erred (8) in rendering judgment contrary to law and to the evidence; (10) in holding that Federico Cabrera Viera was not the only one responsible for the accident, and that his negligence was not the proximate cause of the accident; and (11) that there was no contributory negligence on the part of Cabrera Viera.

These errors are especially aimed at challenging the weighing of the evidence by the lower court. In our opinion, they are without merit. That court made the following findings of fact as to how the accident occurred:

" . . . . . . . .

"7.—On his way back after calling on his sweetheart, and as he reached a bus stop on Avenida Borinquen, Vicente Cruz

Menéndez ran over Federico Cabrera Viera, plaintiff herein. Federico Cabrera Viera was standing in front of Farmacia Hita, on the south side of that street, which is the right-hand side in the direction from San Juan to Río Piedras. He crossed the street and, as he put his left foot on the sidewalk on the north side, he was run over by the vehicle driven by codefendant Vicente Cruz Menéndez.

"8.—The street is wide at this place and there was plenty of room between plaintiff and the south side of the street for the vehicle to pass by without hurting plaintiff. There was not at that moment any vehicle obstructing the way.

"9.—Defendant did not blow the horn or sound any other alarm device.

"10.—Plaintiff was thrown by the impact at a distance of approximately 15 feet from the place. The vehicle operated by defendant traveled about 40 feet from the place where plaintiff fell as a result of the impact and then stopped. Plaintiff was removed to the hospital in the same car.

". . . . . . . ."

The foregoing findings are fully supported by the testimony of Federico Cabrera Viera, Fernando López, and Telesforo Colón Fuentes, as revealed by a careful examination of the record. The inference to be drawn is that the accident was due exclusively to the careless and negligent operation of the automobile by minor Cruz Menéndez. The fact that the testimony of those witnesses conflicts with that of Cruz Menéndez does not warrant a reversal of the judgment appealed from. The lower court had full discretion to settle any conflict in the evidence, which it did, and we are not convinced that the court committed manifest error, or was moved by passion, prejudice, or partiality. It is our duty, therefore, to abide by such weighing of the evidence. *García* v. *Meléndez*, 74 P.R.R. 178; *Zalduondo* v. *Méndez*, 74 P.R.R. 597; *Cintrón* v. *A. Roig Sucrs.*, 74 P.R.R. 957; *Palmer* v. *Barreras*, 73 P.R.R. 266; *Figueroa* v. *Picó*, 69 P.R.R. 372. Cf. *Pedraza* v. *González*, 66 P.R.R. 713; *Planellas* v. *Heirs*

*of Planellas*, 59 P.R.R. 372; *Navarro v. Cía Azucarera "El Ejemplo"*, 53 P.R.R. 692. Consequently, we conclude that the latter three errors were not committed.

The judgment appealed from will be affirmed.