ADA M. CRONAN, ADMINISTRATRIX AD PROSEQUENDUM
OF THE ESTATE OF MAE M. CRONAN, DECEASED,
PLAINTIFF-APPELLANT, v. TRAVELERS INDEMNITY
COMPANY, A CORPORATION, DEFENDANT-RESPOND-
ENT.

JULIA SWIERUPSKI AND ANTHONY SWIERUPSKI, INDI-
VIDUALLY AND AS ADMINSTRATOR AD PROSEQUEN-
DUM OF MICHAEL SWIERUPSKI, DECEASED, PLAIN-
TIFFS-APPELLANTS. v. TRAVELERS INDEMNITY COM-
PANY, A CORPORATION, DEFENDANT-RESPONDENT.

Argued October 15, 1940—Decided January 28, 1941.

For the plaintiffs-appellants, *Baruch S. Seidman, George
L. Burton* and *John P. Kirkpatrick.*

For the defendant-respondent, *John C. Stockel.*

The opinion of the court was delivered by

CASE, J.   There are two appeals, consolidated by stipula-
tion, from judgments of nonsuit entered against the respec-

tive plaintiffs in the New Jersey Supreme Court following trial in the Middlesex Circuit.

The single ground of appeal is that the trial court erred in granting the judgments of nonsuit. The decision turns upon the construction of the following clause in an insurance contract and the application thereof to the facts of the case:

"Definition of 'Insured.' The unqualified word 'insured' wherever used in Coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial,' each as defined herein, and provided further that the actual use is with the permission of the named insured."

Bertha Szarvas purchased from the defendant company an automobile indemnity policy which contained that provision. The title to the automobile and the registration were in her name. Her son James, with her consent and permission, took the automobile and went with a group of friends to spend the afternoon canoeing at Weston's Mill, near New Brunswick. Rain began to fall and two members of the party, Mae M. Cronan and Stephen Horvath, found shelter by sitting in the automobile. Presently, with James Szarvas' permission, the two drove off towards South River, Horvath at the wheel, seeking a refreshment counter. On that journey there was a collision between the Szarvas car and a car operated by Anthony Swierupski wherein Miss Cronan and Michael Swierupski were killed and Anthony and Julia Swierupski were injured. Suits were instituted against Horvath, who did not defend. The respondent herein refused to participate. Verdicts were obtained against Horvath, and upon the judgments thus obtained the suits now under appeal were instituted on the theory that Horvath was an insured under the provision of the Bertha Szarvas policy quoted above. In the suits against the insurer judgments of nonsuit were entered.

It is conceded that Horvath did not have the permission of the named assured to operate the car. Appellants seek to

build their case upon a distinction between the verbs "operate" and "use," and in drawing this distinction they contend that one operates an automobile by controlling and directing its mechanism whereas one uses it when he is employing it for a specific purpose. Even if we accept that distinction and those definitions there was no coverage. Horvath and Miss Cronan were, upon this hypothesis, using the car and Horvath was operating it. But neither of these persons had the permission of the named assured so to do; and it was only with that permission that liability under the policy could be invoked. The verbs "use" and "operate" are of overlapping significance and draw import from the context. See *Alexander* v. *Standard Accident Insurance Co.*, 124 *N. J. L.* 336, where the contract phrase *"using* it (viz., the automobile) with the permission of the named assured" is interpreted in terms of *"operating* the car with the permission," &c. Webster's New International Dictionary gives as one of the meanings of "use"—"to put into operation." The indemnification of the named assured as set forth in the policy was against liability arising out of "ownership, maintenance or *use."* We are of the opinion that one may not "operate" a car, within appellants' application of that word, without "using" it and that in the instant case the pertinent clause, by the collocation of its words and phrases as well by their several definitions, made the permission of Mrs. Szarvas a condition precedent to the indemnification of anyone using the vehicle as Horvath was using it. Under the theory upon which plaintiffs sue, their rights are no greater than would have been Horvath's, had Horvath paid the judgments and prosecuted claims against the indemnity company to recover. *Neilson* v. *American Mutual, &c.*, 111 *Id.* 345. We find no ambiguity in the policy provision upon which the principle that doubtful language is to be construed most strongly against the insurer may be invoked in aid of the appellants. Neither the public nor private interest is served by laxity in measuring the insurer's liability in accord with the terms of the contract, as understood by a person of reasonable intelligence. *Kindervater* v. *Motorists Casualty Insurance Co.*, 120 *Id.* 373, 378.

There was no expressed permission by Mrs. Szarvas and there were no proofs from which, in our opinion, permission could be inferred. If James Szarvas, because he had permission to use, could delegate that permission to another, then that other, being a permittee, could still further delegate, and so on without limitation. The construction of the contract is a matter of law, and under our construction of the contract the proofs did not present a jury question.

The judgments below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.