**NATIONAL GRANGE MUTUAL LIA-BILITY COMPANY, Appellant,**

v.

**Joseph METROKA, Melvin Van Note, Carl Van Note, Andrew C. Horvath, and Harrisburg Railways Company.**

**No. 12308.**

United States Court of Appeals Third Circuit.

Argued Dec. 17, 1957.

Decided Jan. 9, 1958.

Lewis S. Kunkel, Harrisburg, Pa. (F. Brewster Wickersham of Metzger, Wickersham & Knauss, Harrisburg, Pa., on the brief), for appellant.

Wilhelm E. Shissler, Harrisburg, Pa. (Nauman, Smith, Shissler & Hall, Harrisburg, Pa., on the brief), for Melvin Van Note and Carl Van Note.

James K. Thomas, Harrisburg, Pa. (Hull, Leiby & Metzger, Harrisburg, Pa., on the brief), for Harrisburg Railways Co.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This is a suit for declaratory judgment in which the plaintiff seeks a declaration of nonliability under an automobile accident insurance policy issued by it and further that the company owes no duty in defending claims arising out of an automobile accident. The district judge decided against the company and it appeals.

The facts necessary to the decision of the question involved can be briefly stated. Carl Van Note was the owner of a 1941 Ford car. He and his brother, Melvin, lived in Collins, New York. Melvin Van Note, in October 1952, was in the United States Army, stationed at Indiantown Gap, Pennsylvania, and was later transferred to New Cumberland, Pennsylvania. In December 1952, Carl Van Note entered the United States Army and was stationed at Camp Pickett, Virginia, from whence he was transferred overseas. Prior to his induction in the Army Carl Van Note loaned the car to his brother Melvin "to use to go back and forth to camp and use it around the camp * * *" The distance from the Army camp in Pennsylvania to the Van Note home in New York was about 300 miles and the testimony indicates that Melvin made the trip every few weeks.

On April 10, 1953, Melvin Van Note drove his brother's Ford car into Harris-

burg and picked up some clothing or laundry. On the way back to camp with two other soldiers the group stopped at a bar a short distance from the camp. While there one member of the party, perhaps also Van Note himself, met two girls with whom one or both drank beer until about 1:00. All five then got into the Van Note car and when they came to the gate of the camp Van Note and one friend got out of the car. Van Note gave the car keys to the other friend, named Metroka, who was to take the girls to their homes in Steelton, Pennsylvania, and return. While on this trip Metroka had a collision with a bus of the Harrisburg Railways Company. It is this accident out of which the present suit grows.

The insurance policy had in it the following provision:

"III Definition of Insured

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. * * *"

The single issue in the case is whether the use of the car was with the permission of the named insured.

The books are full of cases in which the question is the liability of an insurance company when the bailee of an automobile entrusts the driving to someone else. See cases collected in Annotation, 160 A.L.R. 1195 (1946). But this is a situation in which a collection of judicial decisions is of little value. In the absence of an express statement either way by the named insured, the problem boils down to a determination whether the wording and surrounding circumstances of the initial permission warrant a finding that the delegation of authority to operate the vehicle was permitted by implication. "It is settled law that the question of implied permission is one of fact to be resolved by the jury or the court sitting as the trier of fact." American Auto. Ins. Co. v. Fulcher, 4 Cir., 1953, 201 F.2d 751, 756. The question before us is, not what some other court has said in a different situation but what the facts of this case show. The trial judge had made a series of findings and his conclusion is that the terms of the loan from one of the Van-Note brothers to the other was sufficiently broad to make the insurer responsible at least in this particular situation. We think that this finding is to be sustained.

The court points out that this was not a single purpose loan as, for instance, where a car owner lends a car to a friend to drive from one point to another and that is all. Here the subject matter of the loan was an old car, eleven years old at the time it was turned over by Carl to Melvin. The distance between home and Melvin's camp was 300 miles. Melvin paid the upkeep for the car while he had it. Carl was about to be and was inducted into military service. He had no use for the car. He made no inquiries subsequent to induction about Melvin's use of it. Carl admitted that he had not placed any express limitation upon Melvin about lending the car to anybody else.

It would be too much to expect that there would be unanimity of opinion or statements of fact in a situation like this. Both the Van Notes gave testimony and there were numerous inconsistencies therein. At one point Carl said to his questioner: "I believe you've got me all confused now." Such confusion is not at all surprising. There were four lawyers asking questions (although not all at once) and each quite naturally was trying to establish his view of the facts through the testimony. It is the trial court's function to work through such a mass of testimony and reach a conclusion. That was done in this case. We think the conclusion reached was reasonable. The judgment is to be affirmed under Fed.R.Civ.P. 52(a), 28 U.S.C.

We are not concerned in this case with the question whether New York or Pennsylvania rules govern, as the solution of our case depends not upon a rule of law but a question of fact. The conclusion we reach is perfectly consistent with other cases which we have had in this Court on similar but varying sets of fact.[1]

The judgment of the district court will be affirmed.

Affirmed.

---

1. See Aetna Casualty & Surety Co. v. De Maison, 3 Cir., 1954, 213 F.2d 826; Maryland Casualty Co. v. Marshbank, 3 Cir., 1955, 226 F.2d 637.