PETER COSTANZO AND PETER MAZZOLANI, PLAINTIFFS-APPELLANTS, v. PENNSYLVANIA THRESHERMEN & FARMERS' MUTUAL CASUALTY INSURANCE COMPANY, *ETC.*, DEFENDANT-RESPONDENT.

Argued June 2, 1959—Decided June 30, 1959.

264

Mr. *Jerome L. Kessler* argued the cause for the plaintiffs-appellants.

Mr. *Gustave A. Peduto* argued the cause for the defendant-respondent (*Mr. Charles A. Rooney,* attorney; *Mrs. Marian V. Rooney-Sheehy* and *Mr. Gustave A. Peduto* on the brief).

The opinion of the court was delivered by

PROCTOR, J. The Superior Court, Law Division, after a trial without a jury, dismissed plaintiffs' action based on an automobile liability insurance policy. On our own motion we certified plaintiffs' appeal before the Appellate Division considered it.

The controversy arose out of the following factual situation: On July 2, 1953 there was in existence an automobile liability insurance policy issued by the defendant insurer

to Dennis McKnight Sturgill, Sr., as the named insured. The policy contained the following omnibus clause:

*III Definition of Insured*

With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the auto-mobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

The automobile which was covered by the policy was one of two owned by Sturgill, Sr., who lived with his family on a farm in Maryland. His 17-year-old son, Dennis McKnight Sturgill, Jr., a member of the United States Navy, was. stationed at Melville, Rhode Island. Sturgill, Sr., turned the car over to his son and "told him to just use the car around the base there and going back and forth home with it, and not to be out running around." The son drove the car home from Rhode Island "about every two weeks" and when home he used it "for dates and errands and that sort of thing." Sturgill, Sr., considered the vehicle to be a "family car." Sturgill, Sr., neither expressly forbade nor authorized his son to permit others to operate the car. While at the base Sturgill, Jr., used the car to "go out on dates." These engagements sometimes took him as far as 50 miles from the base, others occasionally sharing the operation of the car with him.

On July 1, 1953 Sturgill, Jr., and four of his friends, Costanzo, Mazzolani, Nicolosi and Gleason, also sailors sta-tioned at the base in Rhode Island, decided to go to a dance in Passaic, New Jersey. The five boys started out for Passaic in the Sturgill car and during the trip the driving was shared by Sturgill, Jr., Gleason and Costanzo. After the dance on the return trip Nicolosi drove the car at the request of Sturgill, Jr., as the latter was not familiar with the roads in New Jersey. Shortly after the journey began all the passengers fell asleep. Nicolosi continued to operate

the car until it left the roadway and struck a tree in Columbia, Connecticut.

Costanzo and Mazzolani instituted an action in Connecticut against Sturgill, Sr., and Nicolosi to recover damages for the injuries which they sustained in the accident. Sturgill, Jr., was not made a party defendant. Nicolosi defaulted and a judgment was entered against him in the amount of $17,500 for Costanzo and $500 for Mazzolani. Sturgill, Sr., defended the action and there was a judgment in his favor which was affirmed by the Connecticut Supreme Court of Errors. *Costanzo v. Sturgill*, 145 *Conn.* 92, 139 *A.* 2d 51 (1958).

In the present action the plaintiffs, Costanzo and Mazzolani, are seeking to obtain payment of their Connecticut judgments against Nicolosi from the defendant insurer. They contend that Nicolosi was an additional insured under the above quoted omnibus clause. The limitation of liability under the policy is $10,000 – $20,000. It was accordingly stipulated that any recovery herein would be limited to $10,000 for Costanzo and $500 for Mazzolani. The defendant argued below that it is not liable to satisfy the judgments to the extent of the policy because: (1) Nicolosi was not an "insured" under the omnibus clause in that he was operating the car without the permission of the named insured; (2) the plaintiffs are foreclosed from litigating the issue of permission as that issue was decided adversely to them in the Connecticut proceedings and (3) Nicolosi failed to give notice to the defendant insurer and did not "cooperate" with it. It was stipulated that as the insurance contract was issued in Maryland, the law of that state should control.

At the conclusion of the evidence the trial judge stated: "I am satisfied that under the Maryland law the judgment in this case is covered by the policy issued by the defendant company." He was concerned, however, with the question of cooperation on the part of Nicolosi, and he requested the parties to submit briefs on that subject. Subsequently, the

trial judge filed a written opinion in which he held that the Maryland case of *Hardware Mut. Casualty Co. v. Mitnick,* 180 *Md.* 604, 26 *A.* 2d 393 (*Ct. App.* 1942) was controlling and precluded the plaintiffs' action. He concluded: "There being no judgment against the named insured or his son, who had permissive use of the insured automobile, there must be a judgment of dismissal as to both claims." He found it unnecessary to pass upon the other questions raised by the defendant although he did not "believe they are insurmountable."

On this appeal the defendant has abandoned its defense that the adverse judgment in the Connecticut proceedings forecloses the plaintiffs from litigating the issue of permission. With this exception the parties urge the same grounds before us as were advanced in the trial court.

We do not agree with the trial court that the case of *Hardware Mut. Casualty Co. v. Mitnick, supra,* is applicable to the present situation. In that case the named insured kept the car for the use of his granddaughter. He told her not to let anyone but herself operate the car. While she was using the car she permitted one, Harrison, who accompanied her, to drive. When he was driving a collision occurred which resulted in property damage to Mitnick. A judgment was recovered for such damages against the granddaughter and Harrison. No satisfaction was obtained on either judgment and an action was brought by Mitnick against the insurer, alleging that the granddaughter was an additional insured under the omnibus clause of the policy. The court held that the granddaughter was an insured under the omnibus clause in that she was actually using the car at the time of the accident, even though she had delegated its operation to another in violation of the instructions of the named insured. The question whether the driver Harrison was also an insured under the omnibus clause was neither decided nor alluded to by the court. We find nothing in the cited case which furnishes any indication as to the law of Maryland upon the issue presented before

us. Neither party has provided us with any other Maryland authority and our own research has disclosed none.

 The generally recognized approach of the courts is to give an omnibus clause in an automobile liability policy a liberal interpretation to effectuate the public policy of affording injured persons protection. *Rikowski v. Fidelity & Casualty Co.,* 117 *N. J. L.* 407 (*E. & A.* 1937); *Chatfield v. Farm Bureau Mut. Auto. Ins. Co.,* 208 *F. 2d* 250 (4 *Cir.* 1953).

It is undisputed that Sturgill, Jr., had permission to take and use the car at a place several hundred miles from his home in Maryland. Though Sturgill, Sr., did not give him the general use of the car in the sense that he could do with it as he pleased, he did allow him a somewhat broad discretion by telling him he could use it around the base. It was a family car which the son was accustomed to use at home for his personal affairs. It is not suggested that Sturgill, Sr., intended to withdraw the protection of the policy from his son if he did not follow the fatherly advice "not to be out running around." It is evident that Sturgill, Sr., was primarily concerned about his son's welfare while he was away from home. Indeed, a parent who has purchased a policy of the type here involved would be astonished to learn that it did not protect his son while driving with his permission because the son disobeyed parental admonitions of this nature.

 In 7 *Appleman, Insurance Law and Practice,* § 4368 (1942), the author states:

"[W]hen permission is given for the use of the automobile, a more extended use than that expressly permitted will be covered, and it is immaterial that the operator may have deviated from the intended route or use, or from the instructions of the owner."

Among the authorities cited in support of the above statement is *Rikowski v. Fidelity & Casualty Co., supra.* In that case the former Court of Errors and Appeals held that the omnibus clause in an insurance liability policy extended

coverage to the named insured's chauffeur, whose use of the car at the time of the accident was beyond the scope of the instructions of his employer. The statement in *Appleman* should be afforded an even broader application when we are dealing with the permissive use of an automobile in a family relationship than with an employer-employee situation. In the present case we are of the opinion that even if the instructions of Sturgill, Sr., to his son be taken as a limitation on the use of the car, and as indicated above we do not think they were so intended, the trip to Passaic was not such a deviation as would serve to terminate the son's permissive use of the car. See cases collected in *Annotation,* 72 *A. L. R.* 1375, 1401 (1931); 7 *Appleman, supra,* §§ 4366–68.

The above conclusion brings us to the question whether Sturgill, Jr.'s permissive use of the car included authority to delegate its operation to Nicolosi and thus make the latter an additional insured. As noted above, Sturgill, Sr., neither expressly authorized nor prohibited his son to delegate the operation of the car to another. There are a great many cases which have considered the question of liability of an insurance company when the bailee of a car entrusted the driving to another. See *Annotation,* 160 *A. L. R.* 1195 (1946). However, in the present situation the collection of judicial decisions is of little value, as the problem is essentially a factual one and each case turns upon the wording and surrounding circumstances of the initial permission. *American Auto. Ins. Co. v. Fulcher,* 201 *F. 2d* 751 (4 *Cir.* 1953); *National Grange Mutual Liability Co. v. Metroka,* 250 *F. 2d* 933 (3 *Cir.* 1958). The scope of the permission given to the initial borrower has been considered significant in determining whether he has implied authority to delegate the operation of the car to another. If the car is left by the owner with someone for the latter's general use and he in turn permits another to use it, that use is generally deemed to be with the permission of the owner. See *Utica Mutual Insurance*

*Company v. Rollason,* 246 *F.* 2d 105, 110 (4 *Cir.* 1957) and cases cited therein. In the present case while the son did not have a completely unrestricted use of the car, the car was not given to him for a single purpose as, for example, where a car owner lends a car to a friend merely to drive from one point to another. See *Cronan v. Travelers Indemnity Co.,* 126 *N. J. L.* 56 (*E. & A.* 1941) and *Aetna Casualty & Surety Co. v. De Maison,* 213 *F.* 2d 826 (3 *Cir.* 1954), where the loan of the car in each instance was for a single purpose. Here Sturgill, Jr., was stationed at a place far distant from his home. Sturgill, Sr., had another car and apparently did not need the use of the one loaned to his son. He could reasonably expect that his son during the long journey to and from home would on occasions share the driving with others. While away from home the son had the unsupervised control of the car for an extended period of time. He used it for social engagements and permitted others to drive it. Neither he nor his father testified that this was done contrary to the wishes of the father. We believe that the circumstances under which this car was entrusted to Sturgill, Jr., were such as to make it reasonable to say that the driving of the car by another while Sturgill, Jr., was riding therein was impliedly countenanced by Sturgill, Sr. The statement in 160 *A. L. R.,* at *p.* 1206 is appropriate:

"The initial permission given by the named assured to the original permittee includes, according to the better view, the use of the automobile by the second permittee where in doing so the second permittee serves some purpose, benefit, or advantage of the first permittee. This is the case if the original permittee is riding in the car * * *."

We conclude that Nicolosi was using the automobile with the permission of the named insured and was therefore an additional insured under the omnibus clause of the policy. This conclusion finds support in the following authorities: *Aetna Life Ins. Co. v. Chandler,* 89 *N. H.* 95, 193 *A.* 233 (*Sup. Ct.* 1937); *Glens Falls Indemnity Co. v. Zurn,* 87 *F.*

2d 988 (7 *Cir.* 1937); *Standard Accident Ins. Co. v. New Amsterdam Cas. Co.,* 249 *F.* 2d 847 (7 *Cir.* 1957); *Arcara v. Moresse,* 258 *N. Y.* 211, 179 *N. E.* 389 (*Ct. App.* 1932); *Guzenfield v. Liberty Mut. Ins. Co.,* 286 *Mass.* 133, 190 *N. E.* 23 (*Sup. Jud. Ct.* 1934), cited with approval in *Rikowski v. Fidelity & Casualty Co., supra.* See also "*Coverage Arising from the Questions of Permissive Use or Agency,*" 1959 *Ins. Counsel J.* 262.

■ As an additional insured under the policy Nicolosi is entitled to its protection without regard to whether any judgment has been recovered against either of the Sturgills. 7 *Appleman, supra,* § 4354.

■ Defendant urges that even if Nicolosi is an additional insured his failure to comply with certain conditions of the policy bars recovery by the plaintiffs. Particularly these "Conditions" are numbered in the policy, 1, 2 and 16. Condition 1 requires notice of the accident to be given "by or on behalf of the insured * * * as soon as practicable." Condition 2 provides that "the insured shall immediately forward to the company * * * process received" in connection with any action brought against him. Condition 16 provides that "the insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in * * * securing and giving evidence * * *."

It was stipulated that Nicolosi did not report the accident to the defendant company; that he was served with a summons and complaint in the plaintiffs' Connecticut action against Sturgill, Sr., and himself, but did not forward these documents to the defendant company, and that he failed to appear and defend the aforesaid action. It was further stipulated that a summons and complaint in the action were forwarded to the defendant company by Sturgill, Sr., and on his behalf an answer was filed and an appearance made by the defendant insurer.

Nicolosi testified at the present trial that a man whom he did not know came to the hospital where he was con-

valescing shortly after the accident and questioned him concerning its details. Nicolosi emphatically denied that the visitor informed him or that he knew that his visitor was a representative of the defendant company. Nicolosi told him the details of the accident which were put in writing by the latter. However, he refused to sign the statement. He said he had been told by his lawyer not to sign any statements. Thomas J. Millerick, an insurance adjuster assigned to investigate the accident for the defendant company, testified that he interviewed Nicolosi at the hospital shortly after the accident. Contrary to Nicolosi's testimony, he said he informed him that he was the representative of the defendant company and that he gave Nicolosi his card. He said that Nicolosi related to him the circumstances of the accident but refused to sign the written statement.

From the above it can be seen that Nicolosi's knowledge of Millerick's identification with the company was materially related to the issue whether or not Nicolosi cooperated with the defendant company. Crucial to the question of failure to cooperate is whether Nicolosi knew he was an additional insured at the time his cooperation was sought. If Nicolosi was unaware that he was being interviewed as an additional insured under the policy, it cannot be said that he failed to cooperate. Moreover, if he had no knowledge of Millerick's identity he might not have been aware that he came within the extended coverage of the policy, in which case he could not be expected to notify the company or send it the summons and complaint served upon him. See 8 *Appleman, supra,* § 4738; *Scott v. Inter-Insurance Exchange,* 352 *Ill.* 572, 186 *N. E.* 176 (*Sup. Ct.* 1933). Under such circumstances the defendant insurer should not be permitted to rely on Nicolosi's personal failure to give notice of the accident or to forward to it the summons and complaint where, as here, it had received this information from the named insured. See *Indemnity Ins. Co. of North America v. Forrest,* 44 *F.* 2d 465 (9 *Cir.* 1930).

The issue of cooperation and notice, as the above circumstances show, are in essence questions of fact which ultimately will turn upon whether the testimony of Nicolosi or Millerick is to be given credence. The trial judge, because of his disposition of the case on another ground, found it unnecessary to resolve this issue although he did say that he did not believe the defense of lack of cooperation and notice was "insurmountable."

We believe that in these circumstances the ends of justice will best be served if the matter is remanded to the trial court for a determination of the limited issue as to whether Nicolosi with knowledge that he was an additional insured failed to cooperate within the meaning of the policy so as to deprive him, and in turn the plaintiffs, of the benefit of coverage.

Accordingly, the case is reversed and remanded.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For affirmance*—None.