57 N.J. Super. 386 (1959)
154 A.2d 833
GERTRUDE KULP BAESLER, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF BERNARD KULP, PLAINTIFFS-APPELLANTS,
v.
GLOBE INDEMNITY CO., A CORPORATION OF THE STATE OF NEW YORK AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1959.
Decided October 19, 1959.
*387 Before Judges GOLDMANN, FREUND and HANEMAN.
Mr. Vincent E. Hull argued the cause for plaintiffs-appellants.
Mr. Samuel Doan argued the cause for defendant-respondent (Mr. Charles C. Stalter, attorney; Mr. Aaron Dines on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
This is an action by Gertrude Kulp Baesler, individually and as guardian ad litem of Bernard Kulp, to recover from defendant, Globe Indemnity Co., the sum of $3,137.75. This amount represents the damages *388 plaintiffs previously recovered against Robert Tureckie, the driver of an automobile in which Kulp was a passenger. Defendant disclaimed insurance coverage on the ground that Tureckie was not an insured person within the terms of the policy. On cross-motions for summary judgment, the Law Division granted defendant's motion. Plaintiffs appeal.
The facts are not in dispute and have been stipulated by the parties. On August 9, 1957 John Ranaletti, the named insured, purchased the insured automobile. He immediately turned the vehicle over to George Rogers, his nephew, for his exclusive use. Rogers, then under 21 years of age, was a member of the named insured's household. When the vehicle was turned over to Rogers, he was expressly prohibited by the named insured from permitting others to use it.
When the automobile was involved in the accident on February 2, 1958, it was being driven by Robert Tureckie with the express consent and permission of Rogers. Rogers loaned the vehicle to Tureckie with knowledge that Tureckie would use it for the purpose of a social engagement. Rogers also knew that Tureckie was to be accompanied by Bernard Kulp, the plaintiff. Significantly, Rogers was not a passenger in the vehicle when it was being operated by Tureckie. The use of the vehicle by Tureckie was of no advantage or benefit to either Rogers or the named insured except insofar as this use served Rogers' pleasure.
On March 21, 1957 Globe Indemnity Co. had issued its policy to John J. Ranaletti, insuring the vehicle in question for a period of one year. The policy was in effect on February 2, 1958, the date of the accident. The policy stated that the named insured was John J. Ranaletti, and under the terms of the policy the Globe Indemnity Co. agreed
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: A. bodily injury, etc. B. injury to or destruction of property etc., arising out of the ownership, maintenance or use of the owned automobile * * *."
*389 The policy provided further:

"Persons Insured
The following are insured under Part 1:
(a) With respect to the owned automobile,
(1) the named insured and any resident of the same household
(2) any other person using such automobile provided the actual use thereof is with the permission of the named insured; * * *"
Globe Indemnity Co. disclaimed coverage in respect of the operation of the vehicle by Tureckie and did not defend him at the trial of the civil action wherein plaintiffs recovered a judgment against him. When plaintiffs instituted suit on the contract of insurance, defendant asserted that Tureckie's use of the automobile was not a "use * * * with the permission of the named insured; * * *." The Law Division judge agreed with this position and held that, under the stipulated facts, there was no showing that the purpose for which the vehicle was being driven at the time of the accident (the furnishing of transportation for Tureckie and Kulp) was with the permission of the named insured. He ruled that a judgment for the defendant was dictated by the decision in Cronan v. Travelers Indemnity Co., 126 N.J.L. 56 (E. & A. 1941).
On this appeal plaintiffs contend that insurance policies are to be construed strictly against the insurer, that the term "insured" involves not a mere relation inter partes but a policy for the protection of the public against irremediable injury from negligence in the operation of vehicles on the highways, and that the policy requirement that use of the vehicle be with the permission of the named insured relates only to use of the vehicle and not to the identity of the person actually operating it.
The issue for determination is whether Tureckie is a person insured within the policy's omnibus clause, that is, whether the "actual use" of the vehicle at the time of the accident was "with the permission of the named insured." *390 The principles controlling in the ascertainment of the scope of the insurer's liability under the omnibus clause have been stated in several recent cases: Cronan v. Travelers Indemnity Co., supra; Indemnity Ins. Co. of North America v. Metropolitan Casualty Ins. Co. of New York, 53 N.J. Super. 90 (Ch. Div. 1958); and Costanzo v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co., 30 N.J. 262 (1959).
In Cronan, the insurance policy defined the insured to be not only the named insured but also any person provided "that the actual use is with the permission of the named insured." With the consent and permission of the named insured, her son took the automobile and went with friends to spend the afternoon canoeing. Rain fell and two of the friends found shelter in the automobile. With permission of the insured's son, the two drove off seeking refreshments, when a collision occurred. The insurer denied coverage. The Court of Errors and Appeals in a unanimous opinion affirmed dismissal of the suit brought by the injured parties against the insurer, and stated:
"It is conceded that Horvath did not have the permission of the named assured to operate the car. Appellants seek to build their case upon a distinction between the verbs `operate' and `use,' and in drawing this distinction they contend that one operates an automobile by controlling and directing its mechanism whereas one uses it when he is employing it for a specific purpose. Even if we accept that distinction and those definitions there was no coverage. Horvath and Miss Cronan were, upon this hypothesis, using the car and Horvath was operating it. But neither of these persons had the permission of the named assured so to do; and it was only with that permission that liability under the policy could be invoked. The verbs `use' and `operate' are of overlapping significance and draw import from the context. * * * We are of the opinion that one may not `operate' a car, within appellants' application of that word, without `using' it and that in the instant case the pertinent clause, by the collocation of its words and phrases as well by their several definitions, made the permission of Mrs. Szarvas a condition precedent to the indemnification of anyone using the vehicle as Horvath was using it. * * * Neither the public nor private interest is served by laxity in measuring the insurer's liability in accord with the terms of the contract, as understood by a person of reasonable intelligence." (126 N.J.L. at pages 57-58.)
*391 In Indemnity, the insured was in the liquor business, and had given the keys to her automobile to an employee Smith to drive a group of customers and friends to Philadelphia for a tour of a brewery. On this particular morning nothing was said as to who was to do the driving although on previous occasions Smith had been told "never to let anyone else drive her car." On the return trip from Philadelphia, some one other than Smith was driving for part of the trip, when the vehicle was involved in an accident. The insurer of the vehicle entrusted to Smith denied coverage. The trial judge was of the opinion that
"* * * the language of the omnibus clause does not require plaintiffs to establish that the named insured had expressly or impliedly given Acerra [the driver when the accident occurred] permission to drive or operate her automobile; all that they must show is that the actual or particular use, i.e., the purpose for which it was being employed by Acerra at the time of the accident, was with the permission of the named insured * * *." (53 N.J. Super. at page 97.)
The trial court found that Acerra, at the time of the accident, was using the automobile for the very purpose for which the insured had loaned it, and since the actual use, as distinguished from Acerra's operation, was with her permission, the court held that Acerra was an additional insured under the omnibus clause.
In Costanzo the insured owner, who lived in Maryland, gave the use of his car to his son who was a member of the U.S. Navy, stationed at Rhode Island. He "told him to just use the car around the base there and going back and forth home with it, and not to be out running around." The insured neither expressly forbade nor authorized his son to permit others to operate the car. The insured's son and four sailor friends motored from Rhode Island to attend a dance in Passaic, New Jersey. After the dance and on the return trip the son, being unfamiliar with New Jersey roads, asked one of his friends to drive. Soon after the return journey began, all the passengers fell asleep. The *392 accident occurred in Connecticut while the friend was driving. Our Supreme Court held that the circumstances under which the car was entrusted to the insured's son were such as to make it reasonable to say that the driving of the car by another while the son was riding therein was impliedly countenanced by the father. 30 N.J. at page 270.
The present case is clearly distinguishable from Indemnity and Costanzo. They are factually different in that the named insured neither expressly forbade nor expressly authorized her employee (Indemnity) or his son (Costanzo) to permit others to operate the car. Here, Rogers was expressly prohibited from allowing anyone else to operate the insured automobile. Contrary to instructions, Rogers loaned the car to Tureckie for the purpose of keeping a social engagement, and at the time of the accident Rogers was not in the car. Neither the insured nor Rogers received any advantage or benefit from its use by Tureckie. In view of these facts, we cannot conclude that the use of Ranaletti's car when the accident occurred furthered the original purpose of the insured or was reasonably contemplated or sanctioned by him. The decision in Farmer v. Fidelity & Casualty Co. of New York, 249 F.2d 185 (4 Cir. 1957), further conduces to the conclusion that the policy limitation cannot be ignored.
To find the policy applicable on the facts of the instant case would be to extend the scope of the insurer's liability beyond the limits set forth in any of the cases discussed above. While there is much to be said, from a public standpoint, for requiring insurance coverage for the automobile and not alone for those who use it with the permission of the insured, precedents which are binding on this court constrain us from achieving a like result by an unreasonably broad construction of the omnibus clause.
The judgment is affirmed.