59 N.J. Super. 547 (1960)
158 A.2d 425
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, A CORPORATION, ET ALS., PLAINTIFFS-RESPONDENTS,
v.
METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, A CORPORATION, ET ALS., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1960.
Decided February 19, 1960.
*548 Before Judges GOLDMANN, CONFORD and FREUND.
Mr. Frank P. Zimmer argued the cause for defendant-appellant Metropolitan Casualty Insurance Company of New York (Messrs. Zimmer and Selikoff, attorneys).
*549 Mr. Philip M. Lustbader argued the cause for plaintiffs-respondents (Messrs. Schneider, Lustbader and Morgan and Mr. M. Marvin Soperstein, attorneys).
The opinion of the court was delivered by CONFORD, J.A.D.
This is an appeal from a declaratory judgment of the Chancery Division adjudicating that one Acerra was an "insured" under the omnibus clause of an automobile liability policy issued by the defendant insurance company ("Metropolitan," hereinafter) to Jennie Calandriello on her Cadillac automobile, so as to cause that company, rather than the plaintiff ("Indemnity," hereinafter) to be the responsible carrier in respect of judgments totalling $29,500 obtained for death to a passenger and injuries to others riding in the car when it was wrecked by the negligence of Acerra in its operation on September 29, 1955. For the facts and other background data we refer to the opinion of the trial court, wherein they are fully set forth. Indemnity Ins. Co. of North America v. Metropolitan, etc., of N.Y., 53 N.J. Super. 90 (Ch. Div. 1958).
We deem it desirable, however, to supplement the factual recital by setting forth a portion of the testimony of Jennie Calandriello  that dealing with the subject of permission of any one other than the bailee, Smith, to drive the car.
"Q. And whose car did Mr. Smith use in taking Mr. Accera down to Philadelphia and back? A. He used my car.
Q. And you gave him the car so that he could take these people down to Philadelphia?
The Court: At this point suppose we put it this way, Mrs. Calandriello. Did you know that Mr. Smith was going down on September 29, 1955?
The Witness: Yes, I knew that.
The Court: You were in the office?
The Witness: Yes.
The Court: Did you speak to Mr. Smith that day?
The Witness: Yes.
The Court: Tell us in your own words exactly what happened as far as the tour on September 29, 1955 was concerned.
The Witness: I have an apartment over the office and Mr. Smith came upstairs and asked me if he could use my car to go on a tour *550 of the brewery, which he had done before, and I said he could have the keys.

* * * * * * * *
The Court: Was there any discussion, did you have any idea who the customers were that were going down with Mr. Smith?
The Witness: I knew that Mr. Accera was going. That is all.

* * * * * * * *
Cross examination by Mr. Zimmer:
Q. Did you give Mr. Smith any instructions who was to drive?
A. Mr. Smith already had his instructions.
Q. What were those instructions?
Mr. Lustbader: I object.
The Court: Why?
Mr. Lustbader: The witness has already answered in response to the Court's question.
The Court: This lady is talking about prior conversation early that morning.
The Witness: Mr. Smith used the car before that time and he knew that I would never let anyone drive my car.
The Court: You would never let anyone drive your car?
The Witness: I gave him permission, but if he used my car he was never to let anyone else drive it."
Analysis of the carefully developed opinion of the trial court indicates that the rationale of the decision was that it was immaterial whether "the named insured had expressly or impliedly given Acerra permission to drive or operate her automobile" (53 N.J. Super., at page 97); that all that was necessary to bring Acerra within the coverage of the Metropolitan policy as an additional insured was to show that the particular purpose of use of the car at the time, i.e., to take the sales promotion party to, and bring it back from the tour of the brewery, was with the permission of the named insured (ibid.). Since there was no disputed question of fact concerning permission by Mrs. Calandriello for the use of the car for that purpose, the trial court held in the affirmative on the issue of coverage of Acerra as a matter of law. That the court felt that the result it reached was required as a matter of law, even if it could be concluded from the proofs that the named insured intended, and was so understood by Smith, her employee, that neither Acerra nor any one else other than Smith was to drive the car, is *551 patent not only from the testimony quoted above but from the court's express citation of the Louisiana case [Donovan v. Standard Oil Co. of Louisiana, 197 So. 320 (La. App. 1940)] (at page 99) for the view that "the requirement that the actual use of the automobile be with the permission of the named insured `relates only to the use of the vehicle not to the identity of the person actually driving it.'"
Since the rendition of the decision of the trial court, however, the Supreme Court has handed down its opinion in Costanzo v. Pennsylvania Threshermen, etc., Ins. Co., 30 N.J. 262 (1959), construing an identical omnibus clause. Our reading of that determination makes it clear to us that it was the view of the court that coverage under such a clause requires not only permission by the named insured for the use of the vehicle at the time of the accident for the purposes for which it was being used when the accident occurred, but also express or implied permission by the named insured for it to be driven by the individual who was driving it at the time. We note the following circumstances in support of this interpretation of the Costanzo case. The court twice adverts to the fact that the owner "neither expressly forbade nor authorized his son to permit others to operate the car" (30 N.J., at pages 265, 269), the second time in regard to the specific question as to whether the bailee's permissive use of the car "included authority to delegate its operation to [another] and thus make the latter an additional insured." The opinion states (at page 270): "We believe that the circumstances under which this car was entrusted to Sturgill, Jr., were such as to make it reasonable to say that the driving of the car by another while Sturgill, Jr., was riding therein was impliedly countenanced by Sturgill, Sr." By contrast, were the rule expressly embraced by the trial court in the present case the same as that espoused by the Supreme Court in Costanzo it would not have been necessary for the court in that case to go beyond the finding that the use of the car for a social engagement with sailor-associates of the son was for a purpose within *552 the permission given by the father (named insured)  thereby automatically extending the coverage of the policy to the driver, regardless of whether the operation of the vehicle by that individual was with the express or implied permission of the father in any other sense. The conclusion of the court lucidly communicates its meaning and intent: "We conclude that Nicolosi [the driver] was using the automobile with the permission of the named insured and therefore was an additional insured under the omnibus clause of the policy" (at page 270). Cf. Baesler v. Globe Indemnity Co., 57 N.J. Super. 386 (App. Div. 1959), certification granted 31 N.J. 551 (1960). (Our discussion in that opinion of the facts of the present case as reported in 53 N.J. Super. 90, supra, was, of course, without benefit of the transcript of record herein.)
We thus conclude that under the rationale of Costanzo it is necessary for a factual determination to be made in the present case as to whether Acerra was driving the car with the express or implied permission of Mrs. Calandriello, a fact not resolved by the trial court, as already noted. This issue is not necessarily to be determined in the negative because of the testimony of Mrs. Calandriello quoted above. There is an open factual question from her testimony whether she was, or reasonably should have been understood by Smith to have been, positively forbidding his permitting the operation of the car on the particular occasion by any one at all other than himself  even a customer of her business like Acerra, under all the circumstances disclosed by the proofs; and, if that question is answered negatively, whether the circumstances in fact indicated implied permission for Acerra to drive the car at the time. We think it preferable that these issues of fact be decided by a judge hearing the testimony, rather than by this court on the printed record before us. The cause will have to be remanded to permit such a determination.
Indemnity also argued before the trial court that Metropolitan was estopped to deny liability because of having *553 undertaken the defense of the case at the first two trials. This question was considered unnecessary of determination by the trial court in view of its decision in favor of Indemnity on the ground aforementioned. This issue likewise can be more effectively dealt with at the trial level, and its determination, if it becomes necessary, is remitted for the retrial.
We find it unnecessary to discuss the contention briefed by Indemnity (apparently not raised below) that the provisions of the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 et seq., require that Metropolitan's policy be construed to cover decedent, Acerra, and his estate, as we regard it as patently without merit.
Reversed and remanded for a new trial conformably with this opinion, costs to abide the event.